## COURT OF APPEALS, (E. S.) JUNE TERM, 1820.

### WARD vs. HOWELL, et al.

*The admissions of one partner after the partnership is dissolved, are not sufficient to charge the other partners with a debt, but are sufficient to take such a debt out of the statute of limitations.*

APPEAL from *Cecil* county court. This was an action of *assumpsit*, brought by the appellees against the appellant, and *Chandler* and *Raisin*, to recover the sum of $188 43, alleged to be due by them as partners. By the case stated, on which the judgment was rendered, it appears that a co-partnership existed between the appellant, and *Chandler* and *Raisin*, until the fall of the year 1814, when it was dissolved, and the dissolution known to the appellees. On the 17th of August 1815, *Raisin*, who had been one of the firm, signed the following paper:

"$188 43        *Baltimore*, 17th Augt. 1815.

On settlement of the whole accounts of the *Philadelphia* packets, we acknowledge a balance due Mr. *Howell* and son, of one hundred and eighty-eight dollars and forty-three cents. There are yet uncollected accounts to the amount of ninety-six dollars and fifty-seven cents, which, when collected, will be placed to our credit. We are credited with $60 on account of a day, in the account now settled, which, should it appear hereafter to have been credited, shall be paid.

                (Signed)
                            *Philip F. Raisin*
          for the late firm of *Francis B. Chandler*, & Co.
Approved by
*Wm. Howell* & Son."

The plaintiffs below, the present appellees, produced no other evidence, and judgment being rendered for them, *Ward* appealed to this court, where the cause was argued

at this term, before BUCHANAN, JOHNSON, MARTIN and JUNE 1820.
DORSEY, J.

Morgan<br>vs.<br>Blackiston

The only question was, whether the admissions of one partner, after the partnership is at an end, are evidence against the rest of the partners.

THE COURT were of opinion, that the evidence was not sufficient to charge the partnership with a debt, though it would be sufficient to take such a debt out of the statute of limitations.

JUDGMENT REVERSED.