BISHOP, (STONE v.) See Case No. 13,482.

## Case No. 1,441.

### BISPHAM v. PATTERSON et al.

[2 McLean, 87.][1]

Circuit Court, D. Indiana. May Term, 1840.

PARTNERSHIP—DISSOLUTION—EVIDENCE—ADMISSION BY LATE PARTNER.

1. By the English rule, the admissions of a late partner, are evidence to charge the firm. A different rule has been established in New York. And the supreme court seem inclined to adopt the New York rule.

2. Under the authority of this intimation, it is *held* that a letter of one of the defendants, admitting the account, on which the action was brought, cannot be received to bind the firm, the partnership having been dissolved before the admission.

[Cited in Draper v. Bissell, Case No. 4,068. See, also, Howard v. Cobb, Id. 6,755; Thompson v. Bowman, 6 Wall. (73 U. S.) 316.]

[At law. Action by Samuel Bispham against Patterson & Walter. Defendant Patterson moved to set aside a verdict for plaintiff. The motion granted, and a new trial ordered.]

Fletcher & Butler, for plaintiff.
Stevens & Barbour, for defendants.

OPINION OF THE COURT. This is an action of assumpsit, brought against the defendants as partners. The writ was served on Patterson, but the marshal returned non est as to Walter.

The plaintiff introduced, as evidence, the letter of Patterson, acknowledging the justice of the account on which the action was brought. This was objected to as evidence, on the ground that the letter was written after the dissolution of the partnership, and that it is not, therefore, evidence to establish a partnership demand. But the circuit judge observed that the evidence would be received as competent, and the point would be considered, if necessary, on a motion for a new trial. The jury found a verdict for the plaintiff, and the question of the admissibility of the evidence is now brought before the court, on a motion to set aside the verdict.

It is a general principle that, in a civil suit by or against several persons, who are proved to have a joint interest in the decision, a declaration made by one of those persons, concerning a material fact within his knowledge, is evidence against him, and against all who are parties with him in the suit. 1 Phil. Ev. 92; 11 East, 589. So, in an action by sev-

[1] [Reported by Hon. John McLean, Circuit Justice.]

eral partners, the admission by one is evidence against all. 1 Maule & S. 249. And where an action is brought against partners, the fact of partnership being proved, the admissions of any one of the defendants are evidence to charge the firm. 1 Phil. Ev. 92; 1 Starkie, N. P. 6, 81; 4 Conn. 338; 15 Johns. 409; 2 Wash. C. C. 390 [Corps v. Robinson, Case No. 3,252]; 2 Har. & J. 474, 477; 3 J. J. Marsh. 498, 500. And, in England, it is held that the admission of a partner, though not a party to the suit, is evidence against another partner, who is sued as to joint contracts, during the partnership, whether made after the determination of the partnership, or before. 1 Phil. Ev. 93; 1 Taunt. 104; 2 Doug. 661; 2 H. Bl. 340; 2 Johns. 667; 1 Gall. 630 [Van Reimsdyk v. Kane, Case No. 16,872]; 1 Barn. & C. 169; 2 Barn. & C. 29; 2 Bing. 306; Cady v. Shepherd, 11 Rich. [11 Pick.] 400. And, in the case of Pritchard v. Draper, 1 Russ. & M. 191, which was decided by Lord Brougham, it was held that, though the admission of one of the partners be not only made after the dissolution, but be of a payment, which was made to him after the dissolution, the evidence may be received to bind the other partner. No rule of evidence seems to be better settled, in the English courts, than this; and it is conceived to be settled on sound principles.

The dissolution of the partnership cannot affect the relation which the firm bears to its creditors. The individuals composing it are liable as partners; and, if they are thus bound, why should not the demand be established by the same evidence, as before the dissolution? The partnership continues in all its force, as it regards the particular transaction; and it would seem to be an anomaly, that the act of the parties, defendants, should change the rule of evidence on which their liability is to be established. It is argued, that it would be dangerous to the interests of partners, if, after the dissolution, the admissions of one, in relation to a prior and partnership transaction, should be evidence against the firm. That, on this ground, it would be in the power of each individual that composed the late firm, to make it responsible for his private debts. If there be any force in this argument, it goes against the principle, which admits the confessions of one partner, as evidence to bind the others, during the partnership. Now, this rule is believed to be no where controverted. It has been found safe in practice. But, if there be danger in receiving the admissions of a late partner, as evidence, in relation to a partnership transaction, the danger must be much greater to receive such admissions, as evidence, during the partnership. In the latter case, the admissions may go to create an obligation on the firm, for an individual transaction; whilst the former can only relate to transactions prior to the dissolution. Admissions, under such circumstances, could rarely, if ever, go to prejudice the rights of the late firm. A bona fide individual transaction, originally, could not easily, by the confession of a late partner, be established against the firm. The danger consists in the power of the individual, at the time of the transaction, to give it a form which shall bind the firm. But this is a question to be decided by the force of authority, and not of reason. The weight of American authority is against the English rule on this subject. In the cases of Hackley v. Patrick, 3 Johns. 536; Walden v. Sherbourne, 15 Johns. 409; Shelton v. Cocke, 3 Munf. 191; Walker v. Duberry, 1 A. K. Marsh. 189, 9 Cow. 57; Baker v. Stackpoole, Id. 420, 434; Chardon v. Oliphant, 2 Tread. Const. 685; White v. Union Ins. Co., 1 Nott & McC. 561; Fisher's Ex'rs v. Tucker's Ex'rs, 1 McCord, Eq. 171, 172; Ward v. Howell, 5 Har. & J. 60; 2 Blackf. 372,—the rule seems to be settled that, after the dissolution, the admissions of a partner are not evidence to charge the late firm. And in the case of Clementson v. Williams, 8 Cranch [12 U. S.] 72, the court held that the acknowledgment of one partner, after the dissolution of the partnership, is not sufficient to take a case out of the statute of limitations. And, in the case of Bell v. Morrison, 1 Pet. [26 U. S.] 373, the court held that, after a dissolution of partnership, no partner can create a cause of action against the other partners, except by a new authority, communicated to him for that purpose. It is wholly immaterial what is the consideration which is to raise such cause of action; whether it be supposed a pre-existing debt of the partnership, or any auxiliary consideration, which might prove beneficial to them. Unless adopted by them, they are not bound by it. The case of Bell v. Morrison [supra] presented the question, whether, after the dissolution, the acknowledgment of a partner took the case out of the statute of limitations; but Mr. Justice Story, who delivered the opinion of the court, considers the case very much at large, and takes occasion to say, that the New York doctrine was well founded. He, it is true, remarks that, whether the confessions of a late partner can, for any purpose, be admitted as evidence to charge the firm, was a question not before the court, though it had been discussed by the counsel on both sides; but, as its determination was not necessary in the case, it would not be decided. But the course of his reasoning has so direct a bearing on this question, and so clearly shows the view of the court, that, unless we close our eyes, we cannot escape from the effects of it. I have read this opinion more than once, under the strongest conviction in favor of the English rule, and with a sincere desire to follow it, but the language of the opinion is so decisive and authoritative that I am forced to adopt the New York rule. The court do not, in technical language, adjudge that the admissions of a late partner cannot be received as evidence, but they say that

the New York rule is a sound one, and they sustain its reasonableness and propriety. And this rule was shown to be the foundation of all the American decisions on the question. I looked to this opinion with the more earnestness, as my Brother Story, in the case cited from Gallison [Van Reimsdyk v. Kane, Case No. 16,872], had followed the English rule; the judgment in which case was taken to the supreme court, and affirmed. [Clark v. Van Reimsdyk, 9 Cranch (13 U. S.) 153.] This point, however, though made, does not seem to have been expressly decided by the supreme court. There were several other points on which the case turned; but it is difficult to perceive how the judgment could have been affirmed, without ruling this point.

A distinction is drawn by the supreme court between receiving the admissions of a late partner, to take the partnership debt out of the statute, and as merely evidence of the debt. That, to take a case out of the statute, a new obligation must be imposed on the late firm, which can not be done by the acknowledgments of a late partner. In England, it is said the courts, on recent occasions, have been in the habit of considering that the effect of an acknowledgment of the debt, made by the defendant, is to create a fresh promise, and not to revive the promise which is barred by the statute. 1 Phil. Ev. 138; Tanner v. Smart, 6 Barn. & C. 606. But a contrary doctrine is held in Pittam v. Foster, 1 Barn. & C. 248; Hurst v. Parker, 1 Barn. & Ald. 93; Ayton v. Bolt, 4 Bing. 105; 3 Bing. 329, 638. In the cases of Shelton v. Cocke, 3 Munf. 191. and Smith v. Ludlow, 6 Johns. 267, it was held that the admission of a debt by one of several partners, made after the dissolution, will take the debt, so admitted, out of the statute of limitations, though the original debt can not be so proved. In the case of Fisher's Ex'rs v. Tucker's Ex'rs, 1 McCord, Eq. 169, the court say, the admission or promise of a surviving partner, will not even take the debt out of the statute of limitations, as to the estate of the deceased partner; much less, would it prove an original debt. Amidst this conflict of authority, I yield my conviction in favor of the English rule, to the authority of the case of Bell v. Morrison [1 Pet. (26 U. S.) 373].

The verdict is set aside, and a new trial granted.