Schillinger vs. Kratt.

*Judgment affirmed.*

(Decided June 1st 1866.)

HENRY SCHILLINGER vs. MARTIN KRATT.

PRAYERS & INSTRUCTIONS TO THE JURY: PLEADING & EVIDENCE: SET OFF.—In an action on a promissory note and plea of *set-off*, instructions founded altogether upon admissions of the execution and non-payment of the note declared on, and not referring in any way to evidence offered under the plea of set off, are bad.

And where a portion of the testimony offered tended to support the plea of set off, but other portions of it, if believed by the jury, may have been sufficient in their judgment, supported by a proposition of law properly deducible therefrom, to have established a state of case which would have defeated that defence, a prayer based upon the evidence under the plea of set off alone is also bad.

APPEAL from the Court of Common Pleas of Baltimore city:

This action was instituted by Martin Kratt, the appellee,

7        v. 25.

on the 23d of February, 1863. The declaration contained the common counts, and one count on a promissory note.— The appellant, Henry Schillinger, pleaded the general issue and *set off ;* the appellee replied, and issue was joined.

*Exception.* The facts of the case are these: Kratt offered in evidence a promissory note, drawn by Schillinger, for $300, the signature to which was admitted, and then rested his case. Schillinger then offered evidence to maintain his plea of *set off*, and proved that he had purchased, during the month of June, 1860, various articles of household furniture for Kratt, amounting to about $300 in value; that he, (Schillinger,) had paid for them with his own proper money, and that they were delivered to and received and used by Kratt.— Kratt then proved that he had married Schillinger's step-daughter in June, 1860, but that Schillinger was opposed to the match, and, also, that he was opposed to his wife's giving anything to her daughter at her marriage, and, also, that when the promissory note offered in evidence was presented to Schillinger for payment, he got angry, and denied that there was any indebtedness from him to Kratt, because he had purchased and paid for the property hereinbefore spoken of as being delivered to, and received and used by, Kratt. Mrs. Kratt died in August, 1861, shortly after the note was presented to Schillinger for payment.

The evidence as detailed in the foregoing statement, having been given to the jury, the plaintiff offered the following prayers :

1st. That if the jury shall find from the evidence that the defendant made and delivered the note offered in evidence in this case, dated March 5th A. D. 1860, payable one year after date, and that the said promissory note is still unpaid, then the plaintiff is entitled to recover.

2d. That there is no sufficient evidence in the case of any payment on account, of said note.

And the defendant offered the following prayer :

The defendant in this case is entitled to *set off* against the plaintiff's claim any amount which the jury may believe from the evidence is due and owing from the plaintiff to the defendant, and in making up their verdict the jury may credit the defendant with whatever amount they may find due to the defendant from the plaintiff, and if they find that a sum equal to the whole amount of the plaintiff's claim is due by the plaintiff to the defendant, then their verdict should be for the defendant.

The Court below (KING, J.,) granted the plaintiffs' prayers, and rejected the prayer of the defendant, to which ruling of the Court the defendant excepted, and the verdict and judgment being for the plaintiff, appealed to this Court.

The cause was argued before BOWIE, C. J., and GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Benj. F. Horwitz*, for the appellant, argued:

1st. That there was abundant evidence from which the jury might have found that there was an indebtedness from the defendant to the plaintiff, which could properly set off against the demand of the plaintiff, and conseqently that there was error in the Court's taking the entire case from the jury, and ordering them to find for the plaintiff, *nolens volens*, ignoring entirely the defendant's plea of *set off*, and all the evidence offered to sustain it, and looking only to the payment of the note. There is abundant evidence that Schillinger purchased and paid for goods which he delivered to Kratt, who received, used and kept them, and for which goods, there is in law an implied promise on the part of Kratt to pay. Where one man receives the property or accepts the services of another, the law presumes a promise to pay; in other words, there is an implied *assumpsit*, which may be repelled by legal evidence, and which was attempted

in this case, by the plaintiff's endeavor to show that the property was intended to be given to him or his wife, but these facts, it is submitted, were questions for the jury, and were improperly taken from them by the Court's instruction, which in fact, blotted out the entire evidence. *Ogden vs. Saunders*, 12 *Wheaton*, 341. 1 *Blackstone's Commentaries*, 159, 162, 163. *Chitty on Contracts*, 18. 1 *Story on Contracts*, Sec. 12. *Abbott vs. Herman*, 7 *Greenleaf*, (*Maine*,) 118. *Stockett vs. Watkins*, 2 *G. & J.*, 326.

2nd. Even if it be assumed that the evidence offered and received from the defendant, was legally insufficient to establish the issue joined on the replication to the plea of *set off*, or that there was evidence to establish a material fact involved in maintaining that plea, then the granting of the plaintiff's prayers was erroneous, as they did not point out specifically the defects or omissions in the proof, as required by the Act of 1825, ch. 117, re-enacted in 1st Code, Article 5, section 12. A general prayer that there is no evidence, (such as the plaintiff's prayers were,) is only proper where there are no facts offered in support of a case, or where the testimony offered has been rejected as incompetent. *Hatton vs. McClish*, 6 *Md. Rep.*, 407. *Tyson vs. Shucey*, 5 *Md. Rep.*, 540.

The following cases show the critical strictness which this Court applies to see that a prayer shall by no implication of a fact, or even of the necessary conseqence of a fact, exclude from the jury the ascertainment of all facts, and even the operation and result of facts. *Charleston Ins. Co. vs. Corner*, 2 *Gill*, 410. *Bullitt vs. Musgrave*, 3 *Gill*, 31. *Brown vs. Ellicott*, 2 *Md. Rep.*, 75. *Boyd vs. McCann*, 10 *Md. Rep.*, 118. *Giles vs. Ebsworth & Hays*, 10 *Md. Rep.*, 333.

3rd. The appellant's prayer, it is submitted, contained the true law of the case, and should have been granted.

*Wm. B. Hill,* for the appellee, contended:

That the defendant's plea of *set off* was not sustained by any evidence in the case. The Court below was right in rejecting the defendant's and granting the plaintiff's prayer.

To constitute *set off* there must be a subsisting debt due by the plaintiff to the defendant. But there is nothing in the evidence to show that Kratt ever became indebted to Schillinger on any account whatever. It is not anywhere shown that he promised, either expressly or by implication, to pay the defendant anything. It does not appear, from the evidence, that Kratt was present at the time of Shillinger's purchases; that they were made at his request, or that he had any knowledge of them whatever, until he found them at the house occupied by himself and wife after the marriage. On the contrary, all the evidence tends very clearly to show that Schillinger bought them as part of the marriage portion of his daughter, and gave them to her in contemplation of her marriage. *2 Espinassee Rep.,* 594, 514. *7 T. & R. Rep.,* 343. *4 H. & J.,* 233, *3 Md. Chan. Dec.,* 65. *4 Md. Chan. Dec.,* 3, 322.

2. The law presumes a gift to be intended where a father sends chattel property to the future home of his daughter about to be given in marriage. *Cole vs. Varner,* 3 *Alabama R.,* 244. *Olds vs. Powell,* 7 *Alabama R.,* 652. *Morris' Admr. vs. Dawney,* 3 *Hen. & Mun.,* 127. *Farrel vs. Perry, Haywood Rep.,* 2. *Carter's Ex'ors vs. Rutland, Haywood Rep.,* 112. *Parker vs. Phillips, Haywood Rep.,* 519. *Owen vs. Tandersly,* 12 *Texas,* 405, *Bell vs. Strother,* 3 *McCord,* 207. *Brasshears vs. Blassingame,* 1 *Nott & Mc-Cord,* 223.

In this case the intention of the defendant is obviously to make a gift, or marriage portion, to his daughter. That intention was executed by an unqualified delivery of possession of the chattel property purchased for her, and it was not in

his power, at any time afterwards, to retract it. 2 *Black's Com.*, 441. He cannot, in March, 1861, transmute into a debt his voluntary gift of June, 1860. But even upon the hypothesis that this were possible, it would not then be the debt of this plaintiff, and hence, could not be pleaded in *set off*. Such an indebtedness would lack all those qualities which are indispensably requisite before it could be set off against the plaintiff's claim. The debt must be mutual. It must be in the same right. It must be of such a nature that he can sue for it and recover it at law. 1 *Robinson's Practice*, 369, 381. *Parsons on Contracts*, 243. *Darnall vs. Hill*, 12 *G. & J.*, 388. 8 *Gill*, 93. 18 *Md. Rep.*, 85.

GOLDSBOROUGH, J., delivered the opinion of this Court:

We think the instructions contained in the bill of exceptions were improperly granted.

They are founded altogether upon the admission of the execution and non-payment of the note declared on, and do not refer in any way to the evidence offered under the plea of *set off*, and the effect of granting them was to withdraw this evidence from the consideration of the jury. This, in our opinion, was error. The evidence in question should have been submitted to the jury under instructions sufficiently comprehensive to cover the case actually made by the proof.

The presumption of law growing out of the relationship of the parties was, that the articles furnished by the appellant were a gift to the wife of the appellee, and the Court, if it had been called on to do so, might have so instructed the jury. But it was not authorized to find the facts shown by this evidence, although its legal conclusions upon them might have been substantially correct had they been found by the jury according to the evidence. Some of the testimony tended to support the plea of *set off*, but other portions of it, if believed by the jury, may have been sufficient in their

Connor & Gatch *vs.* The Mount Vernon Co.

judgment, supported by the presumption of law, to establish a state of case which would defeat that defence. The prayer offered by the appellant was too general to meet this view of the evidence, and for that reason was properly rejected.

*Judgment reversed, and*
*procedendo awarded.*

(Decided June 1st, 1866.)