(Decided 22nd June, 1875.)

AMANDA NEWMAN, by her husband and next friend, L. P. D. NEWMAN *vs.* JOHN E. McCOMAS.

*Practice in the Court of Appeals—Prayers and Instructions— Question of Law—Partnership—Limitations—New Promise.*

The objection to a prayer that it assumes a fact which ought to have been submitted to the jury, may be raised in the Court of Appeals, if the prayer were *rejected* by the Court below.

A prayer is defective which places the plaintiff's right to recover upon a single fact, omitting to submit to the jury the other facts material to establish the plaintiff's case, and ignoring the proof offered by the defendant, and his defence under the Statute of Limitations.

Whether a promise was made "*before the Statute of Limitations had attached to the note sued on,*" is a question of law, and improper to be submitted to the jury.

A prayer which groups a number of facts together, and asks the Court to say to the jury that from the facts so enumerated, if found by them, they may infer that a firm had been dissolved, and that the plaintiff knew it when the note sued was given, may properly be granted, the facts so enumerated being such, if found by the jury, as to authorize them to draw the inference sought to be deduced from such facts.

There can be no objection to a prayer which merely asks that the jury *may presume,* or *are at liberty to presume, &c.;* upon the facts and circumstances as stated in the prayer.

Newman *vs.* McComas.

After a partnership was dissolved, a note was given in the partnership name by one of two partners for a pre-existing partnership debt. In an action on the note against the other partner, it was HELD:

1st. That if the debt was barred by limitations at the time the note was given, the defendant would not be liable upon the note, the same having been made without his knowledge or authority.

2nd. That the admission or promise of the partner who signed the note, if made without the authority of the defendant, though made within three years before the institution of the suit, could not revive the right of action on the note against the defendant, or deprive him of his defence under the statute.

APPEAL from the Circuit Court for Washington County.

The nature of the action in this case and the evidence offered at the trial, are sufficiently stated in the opinion of this Court.

*Exception.*—The plaintiff offered the four following prayers:

1. That in the absence of knowledge or notice of the dissolution of the partnership, the plaintiff, under the pleadings and evidence in this cause, is entitled to recover.

2. That the circumstance of the agent of the plaintiff having passed the business house of J. E. and G. M. McComas, and finding the same closed, or that his knowledge that J. E. McComas, one of the partners, had gone to Hagerstown, is not evidence of the dissolution of said partnership.

3. That if the jury find from the evidence that John E. McComas and George M. McComas, were partners, doing business under the name, firm and style of J. E. and G. M. McComas; and shall further find that the note given in evidence was executed by said George M. McComas, for money due and owing by said partnership to the plaintiff, and was by him delivered to said plaintiff; and shall also further find, that after the maturity of said note, and before the Statute of Limitations at-

tached to said note, the said George M. McComas, in his capacity of partner, from time to time, promised payment thereof, by said firm or co-partnership, to the plaintiff; and shall further find, that from the maturity of said note to the time of bringing this suit, the said George M. McComas, as partner as aforesaid, repeatedly promised payment of said note to the plainliff by the said co-partnership, then the plaintiff is entitled to recover.

4. That if the jury find the facts, as set forth in the aforegoing prayer, which is hereby made part of this; and shall further find, that said partnership was dissolved in the year 1860, 1861 and 1862, the plaintiff is entitled to recover, unless the jury shall find that notice of the dissolution of said partnership was given to the said plaintiff by said partners, or that said plaintiff had knowledge of such dissolution before said note was executed and delivered to the plaintiff, if the jury shall find that said note was executed and delivered to the plaintiff by said partnership.

The defendant offered the two following prayers:

1. That if the jury shall believe from the evidence, that the witness, George M. McComas and the defendant carried on business in the City of Baltimore, at a certain store-room on Howard Street, prior to June, 1860, or thereabouts, and that the defendant then retired from said store and business. and came to Hagerstown to reside and carry on business there on his own account, and that he has so carried on business at the latter place constantly since that time and until the present; and also that when he left Baltimore in 1860, he left the goods then on hand, with all of the accounts and assets of the concern, in the hands of said witness to sell and close out the same, and to collect the debts owing to the firm, and therewith to pay off all debts of the firm then existing; and that said goods were sold out by said witness prior to September, 1863, or about that time, and the store-room afore-

said closed or put into the possession of other parties for other business, and the sign of said firm taken down, and that the said witness thereupon went into other employments, and has so continued to the present; and if the jury shall believe also that the plaintiff and her husband, were informed in the year 1864 or thereabouts, of the fact that said place of business had been closed, and had not been resumed there or elsewhere, and that the defendant removed to Hagerstown in the spring of 1860, and commenced business on his own account, and has continued the same ever since, then the jury may infer from these facts that said firm had been dissolved, and that the plaintiff knew it when said note was given.

2. And if the jury do so find, and in addition thereto further find that the said witness had no authority from the defendant to contract any new debts after the defendant left said store for Hagerstown, and that he had no authority from the defendant to sign the note sued on, in the name of J. E. & George M. McComas, and that the defendant had no knowledge of its having been so signed, and given to the plaintiff or her next friend, L. P. D. Newman, then the jury ought not to find a verdict against the defendant on said note, though the jury may believe that said note was given by said witness, and that the said witness may have admitted the same to be due within three years before the bringing of the suit in this case, provided the jury shall believe that the defendant had no knowledge of said acknowledgment or admission, and did not authorize the same.

The Court, (Pearre, J.) rejected the first, second and fourth prayers of the plaintiff; and granted the prayers of the defendant; and changed the plaintiff's third prayer to read as follows;

That if the jury find from the evidence that John E. McComas and George M. McComas were partners doing business under the name, firm and style of J. E. & G. M.

McComas, when the note sued on in this case was executed, and prior to that time; and shall further find, that the note given in evidence was executed by said George M. McComas for money due and owing by said partnership to the plaintiff, and was by him delivered to said plaintiff; and shall also further find, that after the maturity of said note, and within three years before the institution of this suit, the said George M. McComas, in his capacity of partner, promised payment thereof by said firm or co-partnership to the plaintiff, then the plaintiff is entitled to recover.

The plaintiff excepted, and the verdict and judgment being against her, she appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON and MILLER, J.

*George Schley* and *Alexander Neill,* for the appellants.

The plaintiff's first prayer ought to have been granted. Its negative form was no objection to it. *Balto. & Ohio R. R. Co. vs. Worthington,* 21 *Md.,* 288, 300; *Stockton vs. Frey,* 4 *Gill,* 414, 416. It correctly announced the law. *Gow on Partnership,* 240, 248, 249, 250; *Carey on Partnership,* 5 *Law Lib.,* 140 and 182; 2 *Starkie on Ev.,* 1078–9; *Story on Partnership,* sec. 322, note 1; 3 *Kent's Comm.,* 66, 67; *Lindley on Partnership,* 101 *Law Lib.,* 328; *Taylor vs. Hill, et al.,* 36 *Md.,* 494.

This prayer called the attention of the Court to the pleadings and evidence, and if the plaintiff had neither knowledge nor notice of the dissolution of the partnership, and one of the partners, from the inception of the debt to the bringing of the suit, at least, once in every six months promised payment, the plaintiff was entitled to recover. If the note be excluded from the case as not being a substantive cause of action; still, as partner, even after dissolution, he could admit the debt and extri-

cate it from the effect of the plea of the Statute of Limitations, and upon the money counts, the plaintiff could use the note as evidence of an acknowledgment of the debt, and was entitled to recover, as there was no testimony in the cause to gainsay the lending and borrowing of the money and the promise to pay. *Ward vs. Howell, et al.,* 5 *Har. & J.,* 60–1 ; *Hurst & Berry vs. Hill,* 8 *Md.,* 404 ; *Gow on Partnership,* 63 *and note* 2, *pp.* 64, 196–7 ; *Carey on Partnership,* 5 *Law Lib.,* 140 ; *Story on Partnership, secs.* 324 *to* 334, *and t. p.* 515 *note.*

The plaintiff's third and fourth prayers ought to have been granted. *Ellicott vs. Nicolls,* 7 *Gill,* 85.

The first prayer of the defendant ought not to have been granted, because it segregated *some* of the facts in evidence, and authorized the jury to infer from *said segregated facts,* a dissolution of the partnership and knowledge thereof by the plaintiff. This can be done only, when the instruction asked is subordinate to, or in aid of a theory which embraces *all the facts material* to establish or defeat the right in •controversy. The effect of an instruction, that a plaintiff is entitled to recover, upon the finding of certain particular facts, is to withdraw from the jury the finding of any other fact that would gratify or defeat the right asserted. *Adams vs. Capron, et al.,* 21 *Md.,* 205 ; *McTavish vs. Carroll,* 7 *Md.,* 366 ; *Crawford's Adm'r vs. Beal's Exc'r,* 21 *Md.,* 236 ; *Winner vs. Penniman,* 35 *Md.,* 168 ; *Wells & Miller vs. Turner,* 16 *Md.,* 142.

The defendant's second prayer is objectionable, because it is *imperative* on the jury. *Peterson's Exc'rs vs. Ellicott,* 9 *Md.,* 52 ; *Wilson, Adm'r of Owens, vs. Smith,* 10 *Md.,* 67.

*Louis E. McComas* and *Daniel Weisel,* for the appellee.

The plaintiff's first prayer is too general, and would mislead the jury, by taking away from them the consideration of evidence under the plea of Limitations. The

prayer ignores the defendant's proof under the plea of Limitations, and of knowledge and notice. It assumes two facts, the absence of knowledge and the absence of notice. If this be not the ordinary intendment, the language is at least too ambiguous for an instruction to the jury.

The prayer not only does not call attention to the pleadings and evidence, but it ignores the pleas, and excludes the evidence. *Boyd vs. McCann*, 10 *Md.*, 118; *Schillinger vs. Kratt*, 25 *Md.*, 54.

The plaintiff's third prayer, as offered, is likely to mislead the jury. It specifies no time as to the existence of the partnership, whether or not it existed when the note was given, whether or not it existed when George McComas promised to pay it. It also submits a question of law to the jury, as to when the Statute of Limitations attached to said note. It should have been, as in the prayer, as modified, "before three years had expired, from the maturity of said note," and not " before the Statute of Limitations attached."

The plaintiff's fourth prayer also omits all reference to the plea of Limitations, and yet asks the Court to say that the plaintiff is entitled to recover.

The Court did not err in granting the defendant's first prayer. That prayer does not segregate some of the facts and then ask for a *recovery upon them*, but only that the jury might *infer from them* other facts, subordinate to and in aid of a theory which embraced other facts to be found by the jury material to defeat the plaintiff's right to recover. The prayer stops with the instruction, that the *jury may infer certain other facts only.* The defendant had a right to have the jury instructed with reference to their proper sphere of action—to have them told what was legitimately within their province, that they might know that they were at liberty to *infer* from the evidence two facts, if they should be of opinion that the evidence was

such as to afford the just and rational inference of those two facts. *State, use of Barber, vs. Hammond's Exc'rs*, 6 *G. & J.*, 186-9.

The appellee's second prayer was correctly granted. It simply told the jury what was their duty, in case they found certain facts to be true. It did not instruct them positively to find one fact or presumption of fact from another, but it instructed them as to the state of the law in connection with the facts they might find from the evidence. It was the duty of the jury to conform to such an instruction, otherwise, all instruction would be nugatory, and the jury would have the right to find the law as they pleased. *Peterson vs. Ellicott*, 9 *Md.*, 64 ; *Col. Ins. Co. vs. Lawrence*, 10 *Peters*, 519.

After dissolution and notice, one partner cannot give a new note to bind the other, even under a general authority to close up the business. 2 *Law Register, N. S.*, No. 9, *Sept.*, 1872, *p.* 545 *note; Hurst & Berry vs. Hill*, 8 *Md.*, 403 *and* 404 ; *Hopkins vs. Boyd*, 11 *Md.*, 117. Nor is the acknowledgment of one partner of a subsisting partnership debt, if made subsequent to the dissolution of the partnership, and after the Statute of Limitations has operated on the demand, evidence against his copartner so as to deprive him of the benefit of the Statute. *Ellicott vs. Nicolls*, 7 *Gill*, 108.

The case was tried below upon the two prayers of the defendant, and the third prayer of the plaintiff as modified by the Court. They gave the benefit of all the evidence to the plaintiff. The prayers granted covered the whole ground, the judgment ought not therefore to be reversed. *Smith vs. Wood*, 31 *Md.*, 299 ; *Kershner vs. Kershner*, 36 *Md.*, 334.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted on the 5*th day of February*, 1873, by the appellant against the appellee and *George M.*

*McComas,* as partners. The appellee only was summoned, and the action proceeded against him alone. The *nar.* contains *five* counts. The *first* need not be particularly stated, as it is imperfect, and sets out no legal cause of action; the second, third and fourth are the common money counts, and the fifth a special count on a promissory note of the defendants for $2068.23, payable to the plaintiff on demand. The pleas were "never indebted as alleged," "never promised as alleged" and Limitations. It is unnecesary to state in detail the testimony in the case. The partnership was proved to have been formed in 1855, and to have been engaged in carrying on the hardware business in Baltimore, under the name of *J. E. and George M. McComas.* Evidence was given by the defendant tending to prove that the partnership was dissolved in 1860, and that the plaintiff had notice of the dissolution. On the other hand, evidence was given by the plaintiff, tending to prove that such dissolution had not taken place, and that the partnership continued to exist till the date of the note; and that the same was given for pre-existing debts of the firm. The note was signed with the name of the firm by George M. McComas, and proof was given by the plaintiff of promises made by him to pay the money due upon the note.

The grounds of defence were *The Statute of Limitations,* and secondly, that the partnership had been dissolved long before the note was given, which was known to the plaintiff, and that George M. McComas had no power or authority to bind the appellee by the note in question.

The only bill of exceptions was by the plaintiff, to the rulings of the Circuit Court upon the prayers. These present the only questions for decision on this appeal, and will be considered in their order.

1st. There was no error in refusing the plaintiff's *first prayer.* It is liable to the objection urged by the appellee, that it assumes the fact of the absence of knowledge or

notice of the dissolution, on the part of the plaintiff, instead of submitting it to the jury. Such objection may still be urged in this Court, in support of the ruling of the Court below in *rejecting* a prayer. The rule which precludes objections of that kind in the appellate Court, refers to prayers or instructions *granted* by the Court below. But waiving this objection, which applies rather to the phraseology than the substance of the prayer, and construing it as submitting to the jury the question of notice, still it would have been error to grant it, because it placed the plaintiff's right to recover, entirely upon the fact that she had no knowledge or notice of the dissolution of the partnership; omitting altogether to submit to the jury the other facts, material to establish the plaintiff's case, and ignoring the proof offered by the defendant, and his defence under the plea of limitations. Such a prayer has often been decided by this Court to be defective. We need only refer to the case of *Schillinger vs. Kratt*, 25 *Md.*, 49. The *second* prayer has not been insisted on by the appellant's attorneys, it is obviously defective and was properly refused. The *third* prayer of the plaintiff as it was offered is defective in several respects. It makes no reference to the question of the dissolution of the partnership, or the want of notice thereof to the plaintiff; but rests upon the proposition that the firm continued when the note was given, and yet it specifies no time as to the existence of the partnership. It does not definitely submit to the jury to find that the firm existed when the note was given, and when Geo. M. McComas promised to pay it. The prayer proposed to submit a question of law to the jury, viz: whether the promise of George had been made " *before the Statute of Limitations had attached to the note,*" instead of leaving to them simply to determine whether such promise had been made *within three years after the date of the note.* It failed also to submit to the jury to find that such promise had been made *within three years before the institu-*

*tion of the suit,* which was necessary to remove the bar of the Statute.   For these reasons the *third* prayer was properly refused.

These defects in the prayer were corrected by the Court, and it was granted as modified.   We find no error in the prayer as granted.

The *fourth* prayer is based upon the theory that the partnership had been dissolved in 1860, 1861, or 1862, and claims a right to recover upon the ground that the plaintiff had no notice or knowledge of the dissolution before the note was executed ; but the prayer is contradictory in its different parts.   It requires the jury to find that the partnership was dissolved in 1860, 1861 or 1862, and also to find that the note, which is dated in July, 1868, " *was executed and delivered to the plaintiff by said partnership.*"

Furthermore, the *third* prayer is incorporated in and forms a part of the *fourth,* and the facts stated in the former are required to be found by the jury, together with those stated in the latter, which is impossible ; for the jury could not find that the partnership continued when the note was executed, and that it had been dissolved several years before.

The Circuit Court was therefore right in refusing to grant the *fourth* prayer, which could not fail to mislead and confuse the jury.   In the defendant's prayers which were granted, the plaintiff had the benefit of the law, upon the question of the necessity of notice to the plaintiff, in order to affect her with the consequences of a dissolution of the firm before the note was given.

We find no error in granting the two prayers of the defendant.

The *first* groups a number of facts together, and asks the Court to say to the jury that from the facts so enumerated if found by them, " *they may infer that the firm had*

*been dissolved, and that the plaintiff knew it, when the note was given."*

We see no well founded objection to this prayer. Unquestionably the facts therein stated, if found by the jury would authorize them to draw the inference of fact sought to be deduced from them. This is the whole proposition asserted in the prayer, it is limited in its scope, and does not assert as a conclusion, that the defendant is entitled to the verdict, nor is it imperative or mandatory upon the jury requiring them to find the conclusion, from the facts stated, and is not to be confounded with a very different class of prayers, such as were considered in *McTavish vs. Carroll*, 7 *Md.*, 366; *Miller vs. Turner*, 16 *Md.*, 142; *Adams vs. Capron*, 21 *Md.*, 205; and *Winner vs. Penniman*, 35 *Md.*, 168, cited in argument by the appellant's counsel.

In *State vs. Hammond's Exc'rs*, 6 *G. & J.*, 157, 168, 169, a prayer similar to the one now under consideration was approved by our predecessors, and the Court said it was error to refuse it. The same point came before the Supreme Court in *Columbia Ins. Co. vs. Laurence*, 10 *Peters*, 507, 518, 519. In that case the Court was asked to instruct the jury that from certain facts stated in the prayer, if found by them, they *ought* to presume another fact, sought to be deduced as a conclusion from those stated. The Court decided that the instruction was properly refused, because it was in terms imperative upon the jury, and if granted would have been an invasion by the Court of the province of the jury, to whom it exclusively belonged to decide all presumptions of fact. But the Court said "*if the instruction had merely asked that the jury might presume or were at liberty to presume, &c. upon the facts and circumstances as stated, there would not have been any just objection to it.*" The first prayer of the appellee in this case went only to that extent, and it was not error to grant it.

The second prayer is based upon the theory that the partnership had been dissolved, and that its dissolution was known to the plaintiff before the note was given; and claimed the verdict for the defendant, provided the jury should so find, and should also find that *George M. McComas* had no authority from the defendant to sign the note, or to admit the same to be due and promise to pay it, although such admission and promise was made within three years before the institution of the suit.

There is no evidence in the case that the defendant authorized his former partner, George, to give the note in question, or to bind him by a promise to pay it; the only evidence on that subject is that the note was given, and the promises made by George, without the knowledge, consent or authority of the defendant.   But the appellant has no right to complain, that this question was submitted to the jury.

It is settled by the case of *Ellicott vs. Nichols*, 7 *Gill*, 85, that "the acknowledgment of one partner, of a subsisting partnership debt, if made subsequent to the dissolution of the partnership, and after the Statute of Limitations has operated on the demand, is not evidence against his co-partners, so as to deprive them of the benefit of the statutory bar." (p. 108.)   The *dictum* to the contrary in *Ward vs. Howell*, 5 *H. & J.*, 60, was expressly overruled in *Ellicott vs. Nichols*.   From this decision it follows, that if the pre-existing debt of the firm, secured by the note was barred by Limitations, at the time the note was given, the defendant would not be liable upon the note, the same having been made without his knowledge or authority. But assuming that the pre-existing debt was not barred, when the note was given, it is clear that the admission or promise of *George*, if made without the defendant's authority, though made within three years before the institution of this suit, could not revive the right of action

on this note against the defendant or deprive him of his defence under the Statute.

We are therefore of opinion that the second prayer of the appellee was properly granted.

*Judgment affirmed.*

(Decided 22nd June, 1875.)