## WILLIAM E. WALSH vs. FRANK B. JENVEY.

*Common Counts in Assumpsit—Special Contract—Recovery for Work Not Done in Conformity with the Contract—Measure of Damages—Assumption of Fact in a Prayer.*

Where a special contract has been performed an action to recover compensation lies upon the common counts in assumpsit, and the measure of damages will be the price fixed by the special contract.

The objection that a prayer assumes a fact will not be considered on appeal, unless a special exception to the prayer on that ground was taken at the trial.

The contract between plaintiff and defendant was that the former should clean and bind a quantity of books for a certain price. The work was done and the books delivered to the defendant, who claimed that the binding was not properly done. *Held*, that if the defendant accepted the books, although the binding was not done in the manner contracted for, yet the plaintiff is entitled to recover such sum as his work and materials were actually worth, not exceeding the price fixed by the contract.

In such action, a prayer which does not restrict the plaintiff's recovery to the contract price is erroneous, and a judgment for a greater amount will be reversed.

Appeal from the Circuit Court for Allegany County (SLOAN, J.) At the trial the following prayers were offered:

*Plaintiff's 1st Prayer.*—That if the jury find from the evidence that there was a contract between William E. Walsh and the plaintiff, by the terms of which the plaintiff was to rebind and clean the law books of the said William E. Walsh at the rate and for the price of one dollar per volume for rebinding and cleaning such of said books as required to be rebound and cleaned, and at the rate of ten cents per volume for cleaning such of said law books as were not required to be rebound but were required to be cleaned; and that the said William E. Walsh agreed with the plaintiff to pay the prices aforesaid for cleaning and binding said law books per volume; and that, in pursuance of said contract, the

said plaintiff took said law books to his place of business and rebound 644 volumes of the said law books of the said Walsh, and cleaned 131 volumes of the said law books and delivered the same to the said William E. Walsh, who accepted the same, then the plaintiff is entitled to recover one dollar per volume for each of the volumes of said law books so rebound and cleaned by the plaintiff, and ten cents per volume for the number of law books not rebound but cleaned by the plaintiff, less the sum of $250 paid by the defendant. (Granted).

*Plaintiff's 2nd Prayer.*—That if the jury find from the evidence that there was a contract between the plaintiff and defendant, by the terms of which the plaintiff was to rebind and clean the law books of the defendant at the rate of one dollar per volume for those law books that were required to be rebound and cleaned, and ten cents per volume for those law books that were required to be cleaned but not rebound, and that, in compliance with the said contract, the plaintiff in good faith rebound and cleaned 644 volumes of said law books, and cleaned without rebinding 131 volumes of said law books and delivered the same to the defendant and that the defendant accepted the same, then the plaintiff is entitled to recover such amount as the jury may believe the work, labor and material of the plaintiff in rebinding and cleaning said law books was reasonably worth, less such credit as they shall find should be given for payment made, even though they may further find that said law books were not rebound and cleaned in a workmanlike manner. (Granted).

*Plaintiff's 3rd Prayer.*—That if the jury believe that the plaintiff rebound and cleaned the 644 law books and cleaned the 131 law books of the defendant, mentioned in the evidence, and delivered the same to the defendant, who accepted the same, then the plaintiff is entitled to recover such compensation for his work and material furnished in rebinding and cleaning said law books as the jury may believe said work and materials are reasonably worth, less such amount,

if any, as they shall find was paid by the defendant to the plaintiff. (Granted).

*Defendant's 1st Prayer.*—That under the pleadings and evidence in this case the verdict must be for the defendant. (Rejected).

*Defendant's 2nd Prayer.*—That under the pleadings in this case it is incumbent on the plaintiff to prove that the special contract mentioned in evidence has been fully executed and completed by the plaintiff, and that it appears by the plaintiff's testimony that said contract is not fully executed and completed, and the verdict of the jury must be for the defendant. (Rejected).

*Defendant's 3rd Prayer.*—That if the plaintiff contracted with the defendant to bind the defendant's law books in a workmanlike and skillful manner for one dollar a volume and did bind the same, and if they find that some of the said books were well and skillfully bound and others (the great majority) were bound in a careless, unskillful and unworkmanlike manner, then, under the pleadings in this case, their verdict must be for the defendant. (Rejected).

*Defendant's 4th Prayer.*—That the burden of proof is on the plaintiff to prove by preponderance of testimony that he fully executed and performed the contract mentioned in the evidence, and that unless they find from the evidence that the contract was fully executed and nothing remained to be done by the plaintiff, then, under the pleadings in this case, their verdict must be for the defendant. (Rejected).

The trial Court granted the plaintiff's prayers and rejected those offered by the defendant. The jury returned a verdict for the plaintiff for $462.66.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE and BOYD, JJ.

*Ferdinand Williams*, for the appellant.

The appellee submitted the case on brief by *George A. Pearre*.

FOWLER, J., delivered the opinton of the Court.

This was an action on the common counts for work done and materials furnished. The defendant employed the plaintiff to rebind and clean his law books, which had been damaged by fire and water. Both parties agree there was a special contract, but they differ as to its terms. In the view we have taken this difference is not material, for it appears from the testimony of both parties that the work contracted for was in fact completed and that the books were delivered to the defendant. The defence set up by the defendant is that the special contract not having been fully executed the plaintiff cannot recover on the common counts. This is undoubtedly true as a general proposition, but we do not think it has any application to the facts of this case. For it is and must be conceded that the contract has been completed because the defendant admits that he has in his possession the books which were bound and cleaned by the plaintiff under the special contract, and the complaint is, not that the work has not been fully done, but that it has not been done in a skillful manner as agreed. The plaintiff on the other hand offered evidence to show that the work was done in entire accordance with the contract, and that the books had been delivered to and accepted by the defendant. This suit was brought, therefore, upon the theory, which is amply supported by the plaintiff's testimony, which, however, is contradicted by that of the defendant only so far as relates to the character of the work. Having performed his part of the work, and the defendant having accepted the books, the plaintiff unquestionably pursued a proper course in relying on the common counts. *Ridgeley* v. *Crandall,* 4 Md. 435.

The contract was before the jury, and if they believed from the evidence that the work was skillfully done as thereby provided they could have properly allowed the contract price. And to this effect they were instructed by the plaintiff's first prayer. In *City and Suburban Ry. Co.* v. *Basshor,* 82 Md. 405, in which there was, as here, a special contract and a suit on the common counts, it was said: " The

contract was offered in evidence without objection, and be-
ing properly before them, the jury had a right to consider
it as part of the evidence in the case." And it was accord-
ingly held that the compensation fixed by the contract was
a proper measure of damages. To the same effect is *Ap-
pleman* v. *Michael*, 43 Md. 273.

It was also objected that this and the other two prayers
of the plaintiff assume the fact of acceptance by the defend-
ant. But this question is not properly before us, inasmuch
as the special exception on which it must rest is not con-
tained in the bill of exceptions certified by the trial Judge.
Nor do we think the first prayer is properly subject to the
objection that it omits all special reference to the testimony
in regard to acceptance. The prayer is based upon the tes-
timony in the case, and if the defendant had desired so to
do, he could have called the jury's attention in a more spe-
cific way, by a proper instruction, to all the evidence relat-
ing to acceptance. The second prayer instructs the jury
that if they find the special contract as testified to by the
plaintiff, and that the plaintiff did in fact bind and clean the
defendant's books, but not in the skillful way as provided
by said contract, still if the defendant accepted them the
plaintiff was entitled to recover such sum as the jury may
find his work and materials were actually worth. With a
slight modification this would undoubtedly have been a cor-
rect proposition of law. As was said in *Watchman* v. *Crook*,
5 G & J. 239, "Where a covenant exists to do a partic-
ular piece of work, if after the work is done, *though not pur-
suant to the contract*, the party for whom it was done accepts
it, it would seem to be right and proper that he should pay
what it is worth. Justice requires this and the principles of
law do not forbid it." We think, however, that this prayer,
as well as the third, should have been so modified as to in-
struct the jury that their verdict, if for the plaintiff, should
not exceed the rate of compensation fixed by the special
contract. This suggestion, however, does not appear to
have been made to the Court below, but it is manifest that

the plaintiff ought not to be allowed under any circumstances to recover more than he had agreed to accept for the work and material, when the former was skillfully done, and the latter such as were required by the terms of the special contract, but especially so, when, in both the second and third prayers, the jury were not obliged to find that either the work or materials were as good as the contract called for. In this case it appears that the jury have exceeded this reasonable measure of damages. For it appears from the testimony that the claim of the plaintiff at the contract price was $644 for binding and $13.10 for cleaning books, making a total claim of $657.10. Deducting a conceded credit of $250, the balance remaining due would be $407.10. But the verdict was for $462.66, or $55 in excess of the amount for which they could have found a verdict under the modification we have mentioned. It will be observed that under none of the prayers is the question of interest referred to. And, although the amount is small, we think it our duty to reverse because of the error we have indicated.

The prayers of the defendant were properly rejected. They are all based upon the proposition that the plaintiff was not entitled to recover anything unless he could show that the work was done in strict conformity with the contract, notwithstanding the work as actually done, and the materials supplied were accepted by the defendant. Such a proposition, as was said in *Watchman* v. *Cook, supra,* is contrary to justice and law. The plaintiff even on theory of defendant's prayers was entitled to recover such sum as, under all the circumstances of the case, the jury should find his work and materials were worth, not exceeding the contract price.

*Judgment reversed and cause remanded.*

(Decided February 24th, 1897).

Boyd, J., dissented, and delivered the following opinion :

I noted my dissent in this case because I was satisfied the appellant had not been injured by the rulings of the

Court below, although I agree with the other Judges who sat in all other respects. The difference between the balance due on the principal, according to the contract prices, and the amount of the verdict is easily accounted for if the interest is calculated. The jury had the right to allow interest and as the verdict was for an amount not in excess of the balance due, as fixed by the prices named in the contract and the interest thereon, the appellant was not injured, and, therefore, in my opinion, was not entitled to a reversal of the judgment.

(Filed March 31st, 1897).