JOHN TURNER *vs.* EDWARD P. EAGAN, TRADING AS
THE ST. PAUL PLUMBING AND HEATING COMPANY.

*Appeals: trial by Court without a jury. Contracts: breach;*
*assumpsit; work and materials accepted by defendant.*
*Prayers: assuming facts. Appeals: record;*
*transmission; costs.*

Where a case has been submitted to the decision of the Court
upon the law and facts, without the aid of a jury, the Court
of Appeals, on appeal, will only review the decision upon
questions of law, if the record plainly discloses points or ques-
tions of law raised and decided by the Court below.      p. 39

After work has been done, although not pursuant to the con-
tract, if the party for whom it was done accepts it, he is
liable in *assumpsit* for its worth.                         p. 39

In such a case a prayer is defective if based on the theory
that the plaintiff can not recover unless he shows that the
work has been done in strict conformity with the contract,
although the work that has been done, and the material that
was supplied, have been accepted by the defendant.      p. 39

A prayer limiting the jury to the defendant's evidence and assuming facts is erroneous.                               p. 40

A prayer that "the Court in arriving at its verdict is to allow the defendant an amount equal to the amount necessary to put said heating plant in the condition called for by the contract," is erroneous, in that it assumes facts, and is too vague and indefinite to form the basis of a legal proposition.    p. 40

A prayer "that from the evidence in the case the contract price was not to be paid until the plant was completed in accordance with the contract and therefore the verdict must be for the defendant," is too general and is not proper.        p. 40

A prayer that does not point out any particular ground upon which the right to recover is asserted or denied, and does not direct attention to any particular error or omission of proof, or raise any definite question as to its sufficiency, is erroneous.
p. 40

An appeal will not be dismissed on the ground that the costs of printing the record were not paid within ten days from the receipt of the clerk's statement of costs, if in fact the record was printed and ready when the cause was called for argument.                                     p. 41

*Decided June 22nd, 1911.*

Appeal from the Baltimore City Court (ELLIOTT, J.).

The following are the defendant's prayers referred to in the opinion, except the third and fifth prayers which are there set out in full:

*Defendant's 1st Prayer.*—If the Court finds from the evidence that the defendant contracted with the plaintiff for a heating plant to be installed in his house at 1814 N. Charles street, "The job as a whole is to be put up in a first-class manner free from leaks or defects of any kind, tested with fire in same and left in first-class working order ready for use," for $700.00 and further find that said work was never completed and what work done by the plaintiffs was not done in a first-class and skilled manner and that said plant

is not now in first-class condition as called for by the contract, thereby causing the defendant greater loss and injury than the amount of work so done, then the verdict must be for the defendant, in such amount as said damages exceed the contract price. (*Refused.*)

*Defendant's 2nd Prayer.*—That under the pleadings in this case it is incumbent on the plaintiff to prove that the special contract mentioned in evidence has been fully executed and completed by the plaintiff, and that it appears by the plaintiff's testimony that said contract is not fully executed and complete, but through no fault of the defendant, and therefore the verdict must be for the defendant. (*Refused.*)

*Defendant's 4th Prayer.*—That in arriving at its verdict the Court must take into consideration: 1st, damages caused the defendant due to the delay on the part of the plaintiff; 2nd, damages occasioned the defendant due to the failure of the plaintiff to complete said contract; 3rd, allow the defendant the cost necessary to make said plant "First Class" as called for in the said contract, and then if the Court further find that the defendant has made himself responsible for $400.00 to Glore Supply Co., who supplied the materials to be used on this contract, at the suggestion and the consent of the plaintiffs, then said plaintiffs have no claim against this defendant for said amount so assigned and its verdict must be for the defendant unless the plaintiffs prove an excess of work and labor over and above the loss and injury suffered by the defendant by the acts of the plaintiff. (*Refused.*)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, URNER and STOCKBRIDGE, JJ.

*J. Marsh Matthews,* for the appellant.

*Frank Driscoll,* for the appellee.

JUDGE BRISCOE delivered the opinion of the Court.

This is an action of assumpsit, brought by the appellee against the appellant, in the Baltimore City Court, to recover for the installing and furnishing of a low pressure steam heating plant, on the premises of the appellant, No. 1814 N. Charles street, Baltimore, according to an agreement between the parties.

The declaration contains the common counts and with it was filed and attached thereto an agreement in writing, and an account, showing the contract price, for the work to be done at the sum of seven hundred dollars.

The case was submitted to the Court without a jury, and was tried upon issues joined, on the pleas of never indebted and never promised as alleged, and from a judgment in favor of the plaintiff the defendant has appealed.

At the close of the testimony the case was submitted on the part of the plaintiff, without argument or instructions. The defendant at the trial presented five prayers, to the rejection of which an exception was taken. The rulings of the Court upon these prayers present the questions of law open for review on this appeal.

The evidence upon the part of the plaintiff as set out in the record tended to prove that the work contracted for was in fact completed and performed according to the special contract and was accepted by the defendant, that upon the completion of the work the defendant admitted it was a satisfactory job, accepted it, and accepted an order from the plaintiff to the Glore Supply Company for $400, payable on the 3rd day of January, 1910, for the boiler and radiators supplied for the plant, and in part payment of the contract price, for installing the heating plant.

The defendant offered evidence to show that the work was not done in a skillful manner, as agreed upon, and was never completed in accordance with the contract, that the plant did not answer the purpose for which it was installed.

So far as the judgment in this case rests upon the facts as deduced from the evidence presented in the Court below,

there is no question before us to be reviewed.   The weight
and conclusiveness of the evidence was the province of the
Court below, under the submission of the parties, to decide.
We cannot examine the facts in evidence, in the bill of
exception, to ascertain whether the finding by the Court was
or was not correct, or to determine whether the facts found
were sufficient to support the judgment.   It is well settled,
that where a case has been submitted to the decision of the
Court upon law and fact, without the aid of a jury, this
Court, on appeal, will only review the decision upon ques-
tions of law, if the record plainly discloses the points or ques-
tions of law raised and decided by the Court below.   *Tinges*
v. *Moale,* 25 Md. 486; *Thomas* v. *Hunter,* 29 Md. 406; *New
& Sons* v. *Taylor,* 82 Md. 40.

We will now proceed to examine the questions of law raised
and presented by the appellant's five prayers, which the
reporter is requested to set out in the report of the case.

The defendant's first prayer was defective and was prop-
erly rejected, because it was based upon the theory that the
plaintiff could not recover unless he could show that the
work had been done in strict conformity with the contract,
even though the work as performed and the material as sup-
plied had been accepted by the defendant.   In *Watchman* v.
*Crook,* 5 G. & J. 263, it is said: If after the work is done
though not pursuant to the contract, the party for whom it
was done accepted it, it would seem right and proper that he
should pay for it what it was worth.   This, we think, justice
would require and the principles of law do not forbid it.
*Walsh* v. *Jenvey,* 85 Md. 244; *Burn* v. *Miller,* 4 Taunt.
Rep. 745; 4 Cowen's Rep. 564.

In this case the contract had confessedly been performed,
but the contest was over the manner of its performance.   The
work it was conceded had been done, but the question was
whether it had been skilfully done.   The defendant in this
case, accepted the work, and used the heating plant during
the fall and winter of 1910.   The law applicable to this state
of facts, is well established and needs no discussion.   *Ridge-*

*way* v. *Toram,* 2 Md. Ch. 309; *Coates* v. *Sangston,* 5 Md. 133; *Fresh* v. *Gibson,* 16 Peters, 334; *Dermott* v. *Jones,* 23 Howard, 234.

The prayer is also open to the objection, that it limited the jury in passing upon the performance of the contract, to a consideration of the defendant's evidence alone, and it assumed facts, that were unsupported by the evidence. *Cropper* v. *Pittman,* 13 Md. 190; *Corbett* v. *Wolford,* 84 Md. 426.

The second prayer was properly rejected for reasons stated by this Court in *Walsh* v. *Jenvey,* 85 Md. 240, and will not be reviewed here.

The third prayer, is as follows: "The Court in arriving at its verdict is to allow the defendant an amount equal the amount necessary to put said heating plant in the condition called for by the contract," and was properly rejected. It assumes that the defendant is entitled to recover "an amount, equal the amount necessary to put the heating plant in the condition called for by the contract," without stating the facts upon which the instruction is asked. A prayer in this form is too vague and indefinite to form the basis of a legal proposition.

The defendant's fourth prayer is entirely too general and assumes facts, instead of submitting them to the Court sitting as a jury, to find. It is obviously defective and was properly refused. Such a prayer has often been decided by this Court to be defective. *Cook* v. *Kell,* 13 Md. 494; *Bonaparte* v. *Roberts,* 73 Md. 191; *Schillinger* v. *Kratt,* 25 Md. 49.

The defendant's fifth prayer is not insisted upon and was properly rejected. It is in these words: "That from the evidence in the case the contract price was not to be paid until the plant was completed in accordance with the contract, and therefore the verdict must be for the defendant."

The objection to such a prayer, is that it is too general and is not a proper prayer. As stated by Mr. Poe in his work on *Pleading and Practice,* Vol. 2, sec. 297, a prayer of this kind does not point out any particular ground upon which the right to recover is asserted or denied, nor does it

direct attention to any particular error or omission of proof, nor raise any definite question as to its sufficiency. *Augusta Ins. Co.* v. *Abbott,* 12 Md. 348; *Bullock* v. *Hunter,* 44 Md. 428; *Shipley* v. *Shilling,* 66 Md. 560; *Robey* v. *State,* 94 Md. 68; *Hobbs* v. *Batory,* 86 Md. 68.

As regards the motion to dismiss the appeal, for the reason that the appellant has failed to comply with Rule No. 34, by not paying the costs of printing the record within ten days from the receipt from the clerk of the Court of the statement of costs, we need only say, that it appears the record was in fact printed and ready when the cause was called for argument, and under such circumstances we held in *Havre de Grace* v. *Fletcher,* 112 Md. 562, an appeal would not be dismissed. The motion to dismiss, therefore, in this case, will be overruled.

We have found no reversible error in the rulings of the Court below and the judgment will be affirmed.

*Judgment affirmed, with costs.*