(Decided March 31st, 1897).

---

# W. MORRIS OREM AND OTHERS *vs.* PATRICK KEELTY.

*Contracts—Failure to Perform Within the Time Limited—Waiver of Time—Acceptance of Work Not Done in Strict Compliance With the Contract—Implied Agreement—Assumpsit.*

When a party to a contract promises to do a certain thing at or before a specified time, but does it after the expiration of that time, he is entitled to recover the value of his work, if the same is accepted by the other party, less such damages as have been caused by the delay.

If there be a special agreement under seal to do work and it is done but not pursuant to the contract either in point of time or in any other respect, the party who did the work may recover for the same upon the common counts in assumpsit, if the work be accepted by the party for whom it was done. In such case, by permitting the plaintiff to proceed with the work, the defendant waives his right to object that it was not completed within the time specified, and the law implies a promise on his part to pay what the work is reasonably worth.

A contract under seal was made between plaintiff and defendant by which the former agreed to grade certain streets according to specifications to be furnished by a surveyor. Payments were to be made by the defendant at intervals upon estimates of the surveyor, and the defendant was to retain ten per cent. of the amount of each estimate until completion of the work. Defendant agreed to finish the work by a certain day. The surveyor refused to furnish some of the grades, after much of the work was done, but gave them to the plaintiff some days after the expiration of the time limited for the completion of the work. Plaintiff finished the grading in accordance with the specifications of the contract some three months after the time fixed and the same was accepted by the defendant. In an action of assumpsit to recover the ten per cent. so retained by the defendant, *Held*, that although the defendant could not have maintained an action of covenant on the contract under seal, yet he is entitled to recover in this action the value of his labor and materials,

to be measured by the contract price, less such damages as were caused by the plaintiff's delay, and that there was no evidence in the case that any damage was so caused.

Appeal from the Circuit Court for Howard County (JONES, J.) The contract mentioned in the opinion, provided that the payments stipulated for should "be made on the first day of each month, if demanded by the party of the second part; otherwise partial payments are to be made every sixty days upon estimates furnished by S. J. Martenet and Company, retaining, however, from each partial payment so made ten per cent. of amount of such estimates, which amount so retained shall be due and payable only upon completion by said party of second part of the work herein agreed to be done, and within the time limited, and deducting further from said payments one-half of the cost of engineer's charges for partial estimate. All work under this contract is to he done in a good workmanlike manner under the instructions and direction of S. J. Martenet and Company and subject to their approval. And the said party of the second part agrees to complete the entire work above mentioned before September 1st, 1895."

At the trial, the first exception arose as follows : The defendants offered a witness who testified that he was the engineer who superintended the work. It was not finished at the time stated in the contract. That in July the plaintiff asked him for the lines and he declined to give them. He was asked why he refused. To this question the plaintiff, by his counsel, objected, and the Court sustained the objection; to which ruling the defendant, by his counsel, excepted.

The plaintiff offered the following prayer : The jury are instructed that if they shall find that the plaintiff did not complete the work under the contract between himself and the defendants read in evidence within the time therein named for the completion thereof; and if they shall further find that his failure to complete the work by said time was not due to the failure of the engineers in charge of the work

to furnish to him the lines necessary to enable him to pave and kerb said work; still, by the true construction of the contract, the defendants are not entitled to retain the ten per cent. reserved from the several partial estimates of the engineers as liquidated damages; but if the jury find that the plaintiff completed his said work, though not within the time named in the contract, he is entitled to recover said ten. per cent. with interest thereon in the discretion of the jury, less such damages as the defendants sustained by the failure of the plaintiff to complete the work by the time named in the contract; and the jury are further instructed that the defendants have offered no evidence legally sufficient to show that they sustained any damage by said failure to complete the work by September 1, 1895. (*Granted*).

The defendants offered the following prayers :

1st. The jury are instructed, that by the contract offered in evidence, the plaintiff is not entitled to recover the amount of ten per cent. retained by the defendants, if they find that. the work was not completed at the date set out in the contract; unless they further find that the time was waived by the defendants, or that the failure of the plaintiff to complete the work by the time was due to the act of the defendants. (*Rejected*).

2nd. The jury are instructed. that by the terms of the contract offered in evidence the defendants are entitled to' an abatement from the amount retained by them sufficient to cover any damages that they may find were occasioned to the defendants by a failure of the plaintiff to complete the work at the time set out in the contract, unless they find that said failure was waived, or was caused by the defendant. (*Rejected*).

The jury returned a verdict for the plaintiff assessing the damages at $1,693.68.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, BOYD and RUSSUM, JJ.

*Wm. J. O'Brien* and *Wm. J. O'Brien, Jr.*, for the appellants.

The appellants contend that the contract is one for *a price* on completion of the work within the date named in the agreement, and a *less price, i. e.*, ten per cent. less, for performance within a reasonable time thereafter, the contract being explicit, that the *ten per cent.* retained is only " due and payable " on completion of the work " within the time limited." In no sense can the " ten per cent." be considered as a forfeiture, but as an agreed price for the work, giving the contractor, Keelty, a reasonable time for the performance. The Court, therefore, erred in its ruling upon the prayers, and the judgment should be reversed.

The sum stated in the contract sued on must be regarded as liquidated damages. The appellee failed to comply with the contract by not completing the work within the time limited, and he now has no right to say that the appellants are not entitled to retain the 10 per cent., especially where there is nothing illegal in allowing the parties to fix the damages, and where, as in this case, they have been fixed at a sum that is certainly within the bounds of reason and justice. *Willson* v. *Mayor & C. C.*, 83 Md. 203. The Court will observe that the contract is in the alternative, from which fact the intention of the parties is apparent. The obligor (Keelty) agrees to do one of two things : To complete the work within the time limited in the contract, or to complete the work within a reasonable time after the time limited in the contract. In the first event he would be entitled to the 10 per cent. retained by the appellants, in the second he would not. He elected not to perform the work within the time limited, and there is certainly no hardship in compelling him to accept the fruits of his election. *Penna. R. R. Co.* v. *Reichert*, 58 Md. 278 ; *Willson* v. *Mayor & C. C.*, 83 Md. 203 ; *Frinn* v. *The Crystal Rwy. Co.*, 89 Mo. 407.

In a case like this it would be impossible to give such evidence as would enable a Court to do complete justice.

The large property was kept out of the market for an entire season. It seems idle to say that no loss or damage ensued to the appellants. Now what was the amount of that loss and damage? The property was not in a condition to be offered for sale, consequently we cannot say at what prices the property could have been sold. The loss and damage undoubtedly ensued, but it cannot be measured by legally admissible evidence. It is uncertain. It was contemplated by the parties that it would be *uncertain.* Consequently, precaution was taken to stipulate precisely what should be regarded (as between the parties) as the liquidated damages. *Penna. R. R. Co.* v. *Reichert,* 58 Md. 278; *Geiger* v. *Western Md. R. R.,* 41 Md. 4; *Willson* v. *Mayor & C. C.,* 83 Md. 203; *Fisk* v. *Fowler,* 10 Cal. 517; *The Wolf Creek Diamond Coal Co.* v. *Schultz,* 71 Pa. St. 186; *Ward* v. *Hudson R. Bldg. Co.,* 125 N. Y. 236; *Lynde* v. *Thompson,* 2 Allen, 459; *Hall* v. *Crowley,* 5 Allen, 305; *Sutherland on Damages* (ed. 1882), 491–2, 504–5.

*Edgar Allan Poe* and *Arthur P. Gorman, Jr.* (with whom was *John P. Poe* on the brief), for the appellee.

The first exception is perfectly immaterial, in view of the prayer actually granted by the Court. That prayer instructed the jury that the appellee was entitled to recover even although they should find that it was through his fault and not that of the engineer that the work was not finished by September 1st, the time stated in the contract.

There was also no error in the Court's ruling on the prayers. The 10 per cent. retained under the contract until the completion of the work, was not in any sense to be treated as liquidated damages, agreed upon by the parties beforehand as the amount of damage that the appellants should be allowed on the failure of the appellee to finish his work by September 1st, 1895. It is not stated in the contract that ten per cent. was to be retained by way of liquidated damages, as is customary where parties attempt before a breach to fix the amount of damages resulting therefrom.

The contract simply says that the 10 per cent. " so retained, shall be due and payable only upon completion by said party of second part, of the work herein agreed to be done," showing that the 10 per cent. was merely to be retained until the work was finished, the words " and within the time limited " being added as of secondary importance, clearly indicating that time in this case was not considered as of the essence. The exacting of a bond for $4,000 from the appellee, also proves that it was not intended by the parties to treat the 10 per cent. as the amount agreed upon beforehand as the true measure of damages upon a breach of the contract, for then the bond would have been entirely useless, as the damages sustained by the appellants upon a breach of the contract would, upon such a construction, be restricted in amount to the 10 per cent. retained. Even assuming, however, that the language of the contract can be so interpreted as to mean that the parties themselves agreed thereby that the appellants should retain the 10 per cent., on the failure of the appellee to complete his work by September 1, 1895, we contend that, nevertheless, the 10 per cent. is not to be treated as liquidated damages, but as a penalty.

The law in Maryland on the subject is clearly laid down in the case of *Geiger* v. *Western Md. R. R.*, 41 Md. 15. Here the covenant is for the performance of several acts, and the damages sustained on account of the failure to perform them are of a fixed and determinate character, and such as are readily ascertainable by a jury, viz., the interest on the leasehold value of the lots for the time the appellants were prevented from leasing them, through the default of the appellee in not finishing his work in time, and therefore the 10 per cent. claimed to be forfeited is a penalty and not liquidated damages. Besides, here the parties did not declare in clear and unambiguous terms that the 10 per cent. should be paid by way of compensation upon a breach of the contract; and especially there is nothing in the contract about the 10 per cent. being paid as liquidated damages,

and therefore this is not a case of liquidated damages at all.

The Court was also clearly right in instructing the jury that the appellants had offered no evidence of any damage sustained by them through the failure of the appellee to finish his work by the time named in the contract. Orem stated that they had not been able to put their lots on the market until the spring, but he did not show that any specific contemplated sale had been prevented by the delay of the appellee; on the contrary, he admitted that they had not sold one single lot down to September 26th, 1896, an interval of almost one entire year. It is plain, therefore, that the appellants offered no evidence showing that they had suffered any damages from the failure of the appellee to finish his work by September 1st, 1895.

BRYAN, J., delivered the opinion of the Court.

This was an action on the common counts in assumpsit. Keelty, the plaintiff below, entered into a written contract under seal with Orem and others, the defendants, for grading and constructing streets, avenues and sidewalks through a tract of land in the city of Baltimore belonging to them. The contract embraced a number of details, which the present purpose does not require us to consider. It was agreed that payments should be made at stated intervals upon estimates furnished by S. J. Martenet and Company, and that Orem and his associates should retain ten per cent. of the amount of these estimates, and that the sum so retained should be due and payable *only* on the completion of the work before the first day of September, eighteen hundred and ninety-five. The grades were to be furnished by S. J. Martenet and Company, and the work was to be done in a good workmanlike manner, under their instructions and subject to their approval. The work was prosecuted under the contract until July, eighteen hundred and ninety-five, when Martenet and Company refused to furnish the grades to Keelty which were necessary for the continuance of the work; but they were furnished on the eleventh day of Sep-

tember, eleven days after the time had elapsed which was appointed for its completion. It was finished in December, and on the twenty-fourth day of the month Martenet and Company gave Keelty a certificate stating that they had examined the work and found that it was in accordance with the contract as far as the material and workmanship were concerned. This suit was brought to recover the ten per cent. which had been retained by Orem and his associates, and judgment was rendered in favor of the plaintiff.

The evidence did not show distinctly the circumstances which caused the refusal on the part of Martenet and Company to furnish the grades. But we will assume for the purposes of this case that it was owing to the default of Keelty. But, nevertheless, one fact stands prominently forward which has not been made the subject of contestation or denial. After the expiration of the time appointed for the completion of the work the defendants permitted Keelty to continue it, furnished him with the grades which were necessary to enable him to do so, and accepted the work and received the benefit and advantage of it. Under these circumstances there can be no doubt that the defendants are bound to pay a fair compensation for the work, labor and materials of the plaintiff. Keelty could not have sustained an action of covenant on the contract under seal ; but after the failure to complete the work under the conditions of the sealed instrument a new and distinct contract arose from the acts of the parties ; from the work, labor and materials of the plaintiff furnished for the benefit of the defendants and received and appropriated by them to their own use and benefit. The opinion of this Court in *Watchman* v. *Crook*, 5 G. & J. 240, leaves this question in no doubt. It is there said : " If after the work was done, though not pursuant to the contract, the party for whom it was done, accepted it, it would seem right and proper that he should pay for it what it was worth. This, we think, justice would require, and it is believed, that the principles of law do not forbid it. To this effect the law is stated to be in

*Jewell* v. *Schroeppel*, 4 Cowen's Rep. 564. It is there said, that 'if there be a special agreement under seal to do work, and it is done, but not pursuant to the agreement, either in point of time, or in any other respect, the party who did the work may recover upon the common counts in assumpsit, for the work and labor, if the work be accepted by the party for whom it was done. The workman cannot maintain covenant, unless he perform the work strictly within the time. By permitting the plaintiffs, after knowing that the work was not completed in time, to proceed and finish it, he waived all right to object on that ground, and the law implies a promise on his part to pay what the labor was reasonably worth.' " In the opinion a case is quoted from 4 *Taunton's Reports*, 745, where a contract was made between lessor and lessee that the latter should do certain work within two months. After the expiration of the time the lessor encouraged the lessee to proceed with the work, and it was held that the lessee might recover as for work and labor on an implied promise arising out of so many of the facts as were applicable to the new agreement. In *Lucas* v. *Goodwin*, 3 Bingham's New Cases, 737, there was a contract for the building of certain cottages, and it was agreed that payment should be made, on condition that the work should be completed on the tenth of October; but they were not finished until the fifteenth. LORD CHIEF JUSTICE TINDAL said: "If it be said that the completion by the 10th of October is the condition precedent, at least the objection should have been taken at the time; in accepting the work done the defendant admits that it is *some* benefit to him, and that the plaintiff is entitled to *some* remuneration. It is not a condition, but a stipulation, for non-observance of which the defendant may be entitled to recover damages; but even if it be a condition, it does not go to the essence of the contract, and is no answer to the plaintiff's claim for the work actually done. It never could have been the understanding of the parties, that if the house was not done by the precise

day, the plaintiff would have no remuneration." A passage from an opinion of the Supreme Court of the United States sets this question in a very clear light. These are the words of the learned Court: "If A contract to deliver a horse to B on Monday next, for which B agrees to pay $100, A cannot recover by an offer to deliver on Tuesday; but if A agree to deliver a horse, buggy and harness on Monday, and B accepts delivery of the horse and buggy, can he refuse to pay anything, though he accepts delivery of the harness on Tuesday? This is absurd. He waives by this acceptance the point of time as to the harness, at least so far as A's right to recover the agreed sum is concerned. If B have suffered any damage by the delay he can recover it by an action on A's covenant to deliver on Monday; or, if he wait to be sued, he may recoup by setting it up in that action as a cross-demand growing out of the same contract." The case was different in some respects from the present one, but the quotation which we have made is a good illustration of the principle involved. *Phillips* v. *Seymour*, 91 United States, 651.

The plaintiff could not have recovered in an action of covenant on the sealed instrument, because he would have been obliged to allege and prove the completion of the work before the first day of September, eighteen hundred and ninety-five. But parties to a contract have a right to change it as they mutually agree to do. And here by their dealing with each other they have made a new contract superseding the sealed instrument; that is to say, the law determines that in justice and right a new contract shall be implied. This new contract provides that the plaintiff shall recover the value of his work, and that the defendant shall be allowed such damages as have been caused by delay. The value of the work, if properly performed, is measured by the contract price. There is, however, no sufficient evidence in the record to show any amount of damage sustained by the defendants in consequence of the failure to complete the work at the stipulated time. There

was considerable discussion of the question of stipulated
damages ; but as the clause in the sealed instrument on
which the discussion was founded has been virtually elimi-
nated from the contract by which the rights of the parties
are determined, the question can have no influence on our
decision.

Inasmuch as we have based our opinion on the assump-
tion that the delay in completing the work was owing to
Keelty's default, and on the ground that there is no evi-
dence of any amount of damage to the defendants by the
delay, the rejection of the evidence in the first exception is
of no consequence.   We think that the plaintiff's prayer
was properly granted.   The defendant's prayers are drawn
on the theory that the sealed instrument is the cause of
action ; but they are not applicable to the implied contract
which became substituted in its place.

*Judgment affirmed.*