MERRITT BUILDING AND SUPPLY CO., INC.
*v.* SHAULIS, ET AL.

[No. 49, September Term, 1968.]

*Decided January 14, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, FINAN and SINGLEY, JJ.

*Harry B. Shapiro* for appellant.

No brief filed on behalf of appellees.

MARBURY, J., delivered the opinion of the Court.

The appellant, Merritt Building and Supply Co., Inc. (Mer-
ritt), and the appellees, William F. Shaulis and Emily M.
Shaulis, his wife, entered into a written contract on May 16,
1966, whereby Merritt agreed to make certain improvements on

appellees' behalf to their home in Arnold, Anne Arundel County, Maryland. All work was "to be done to Mr. & Mrs. Shaulis' satisfaction." The appellees signed a promissory note and agreed to pay the contract price of $3,100.00 in 60 monthly installments, plus interest at $5\frac{1}{4}\%$ per annum, payment to commence 60 days after the completion of the home improvements. Appellant subcontracted the work to a Mr. Joseph Gibson who performed the items listed in the contract, such as putting on a new roof, and installing aluminum siding. Gibson returned on four or five occasions to make corrections that the appellees had requested. Not having received any payment, by an amended declaration, the appellant brought suit against the appellees on their contract and promissory note. The appellees' defense was that the work had been improperly performed and did not meet their satisfaction as required by the contract.

On November 14, 1967, at trial, the lower court, sitting without a jury, heard testimony pertaining to the instant case. During the course of this hearing it became apparent that some of the work had not been completed properly. At the request of both parties the lower court inspected the appellees' premises immediately after the hearing. On November 16, 1967, the appellant filed a petition to transfer the action from law to equity, and made a tender to complete any and all unfinished work or any and all work that was not properly performed. In fact, the appellant offered to bring in another qualified contractor who would be approved by the court and/or the appellees in order to complete or correct the work. After the hearing and before judgment, the lower court allowed the appellant to amend its declaration to include the common counts. The lower court in an opinion and order dated November 28, 1967, denied the appellant's petition and gave judgment for defendants-appellees for costs. From that order Merritt has appealed.

On appeal, Merritt makes four contentions: (1) that the decision of the lower court was against the weight of the law and evidence; (2) that the lower court's decision constituted a forfeiture and a penalty upon the appellant; (3) that the lower court's rulings on the testimony and evidence constituted prejudicial error; and (4) that the lower court abused its discretion in refusing to transfer the case from law to equity.

In regard to appellant's first contention, the contract between the parties provided that the work was to be performed to Mr. and Mrs. Shaulis' satisfaction. The lower court found that the appellant's performance would not even meet an "objective reasonable man" test. The trial judge stated in his opinion that on his personal inspection of the premises he observed that in several areas the aluminum siding had been installed without starter strips and that it was possible to see the chimney flashing from the ground. The trial court observed: "Elsewhere on the roof the shingles humped and drooped, especially at the edges where rake boards should have been used. . . . Defective roof sheathing was visible under the overhang of the eaves." In addition there was ample testimony by the appellees' witnesses of improper performance so that we cannot say that the lower court erred in holding that the appellant was not entitled to recover under its express contract.

However, we do agree with the appellant that the lower court's refusal to allow it a *quantum meruit* recovery constituted a forfeiture and a penalty. The general principles pertaining to a *quantum meruit* recovery were set forth by Judge Hammond, now Chief Judge, in *Hirsch v. Yaker*, 226 Md. 580, 582, 174 A. 2d 728, 729:

> "The rule running through the cases is that where a defendant has actually received and retained the benefit of work and labor done or materials supplied to him, which he has ordered, although not done or supplied in precise conformity with those orders, the law implies an obligation to pay for the net benefit received, and the common count for work and labor done will lie to enforce that obligation to the extent that, under the circumstances, the labor, services or materials are fairly worth."

The appellees did not argue that all the work called for in the contract was not done, but they contended that everything that was done was performed improperly and not in a workmanlike manner. We hold that the appellant is entitled to recover under the common counts.

The measure of recovery in this type of case has been stated in *Orem v. Keelty,* 85 Md. 337, 36 A. 1030. In that case, a contractor could not recover under a written contract because his work was not performed in strict compliance with the agreement. However, justice and equity demanded that a new contract be implied. In 85 Md. at 346, 36 A. at 1032, this Court said: "This new contract provides that the plaintiff shall recover the value of his work, and that the defendant shall be allowed such damages as have been caused by the delay. The value of the work, if properly performed, is measured by the contract price." In the instant case, the contract price was set at $3,100.00. One of the appellees' witnesses, Mr. Harry Curry, estimated that the necessary corrections on the Shaulis' house would cost $1,875.00. (This figure included some minor items not specifically included in the original contract.) We hold that the appellant is entitled to the difference between the contract price $3,100.00) and the estimated damages ($1,875.00), which amounts to $1,225.00.

Appellant's third contention is that the lower court erred in its rulings on the testimony. Counsel for the appellant attempted to show that the required work had been substantially performed. The lower court stated that evidence of "substantial performance" was not relevant since the work was to be completed to the Shaulis' satisfaction. If the appellant had been allowed to establish substantial performance their damage would have been calculated by deducting from the contract price whatever sum would be required to complete or correct the work. *Gamble v. Woodlea Co.,* 246 Md. 260, 228 A. 2d 243; *Evergreen Amusmt. Corp. v. Milstead,* 206 Md. 610, 112 A. 2d 901; *Hammaker v. Schleigh,* 157 Md. 652, 147 A. 790. Since damages calculated under that measure of damages equals the amount this Court awarded the appellant, we need not decide whether the lower court's rulings were prejudicial. We also do not deem it necessary to decide whether the trial court abused its discretion in not transferring the case from law to equity since this Court has awarded the appellant all the relief to which it was entitled either at law or in equity.

For the above reasons, and pursuant to Maryland Rule 875 a, the judgment of the lower court will be reversed and judg-

ment entered for the appellant against the appellees for $1,-225.00, with interest from November 28, 1967.

> *Judgment reversed and judgment entered in favor of appellant against the appellees for $1,225.00, with interest from November 28, 1967. Costs to be paid by the appellees.*