(Decided 18th December, 1879.)

ANSLEY GILL AND JAMES McMAHON, Partners, trading as GILL & McMAHON *vs.* HENRY VOGLER.

*Executory contract—Condition precedent—Wilful abandonment of Contract after part Performance—Recovery under a Quantum Meruit disallowed—Right of a party to a Contract, not in default, to employ others to complete the Work left Unfinished by the other party who wilfully Abandoned the Contract.*

V. contracted in writing with G. and M. to do certain work in the improvement of Jones' Falls, for five thousand dollars. The work was to be done in accordance with certain plans and specifications adopted by the authorities of Baltimore City, and to the satisfaction of the City Commissioner. It was also agreed between the parties that the City Commissioner should make monthly estimates during the progress of the work, and upon the estimates thus made G. and M. were to pay V. eighty per cent. of the contract price, the remaining twenty per cent. to be paid on the completion of the whole work. V. having performed a part of the work, notified G. and M. in writing, that unless payment was paid by a day specified, for what had been already done, he would abandon the work. No monthly estimates were made by the City Commissioner during the progress of the work, because in his judgment, the work had not been performed in accordance with the plans and specifications, and G. and M., therefore, refused to make any payments. V. thereupon abandoned the work and sought employment with other persons. Subsequently upon being notified by G. and M. that they had made a contract with other parties for the completion of the

work begun by him, V. offered to resume the work. This offer G and M. refused; V. thereupon sought to recover under a *quantum meruit* for the work done by him. HELD:

1st. That the monthly estimates to be made by the City Commissioner, were by the very terms of the contract, a condition precedent to the right of V. to demand payment during the progress of the work.

2nd. That V. was not justified in refusing to perform the contract, upon the refusal of G. and M. to accede to his demand for payment for the work actually done.

3rd. That V. having, voluntarily and without excuse, abandoned the work, could not recover for the work done by him in part-performance of the contract.

4th. That G. and M. being obliged by their contract with the City authorities to complete the entire work, by a given time, had a perfect right, upon the voluntary abandonment by V. of his contract, to employ others to finish the work begun by him.

APPEAL from the Baltimore City Court.

This action was brought by the appellee to recover of the appellants for certain work done, under a written contract, on the line of Jones' Falls between Pratt Street and Canton Avenue in the City of Baltimore. Sundry exceptions were taken by the defendants during the progress of the trial. The case is further stated in the opinion of the Court. The jury rendered a verdict in favor of the plaintiffs for $1403.91, and judgment was entered on the verdict. The defendants appealed.

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON and IRVING, J., for the appellants, and submitted for the appellee.

*J. Henry Duvall* and *John Henry Keene, Jr.,* for the appellants.

*William H. Cowan,* for the appellee.

Gill and McMahon *vs.* Vogler.

ROBINSON, J., delivered the opinion of the Court.

The undisputed facts of this case are simply these: In January, 1875, the appellants made a contract with the authorities of Baltimore City for the improvement of Jones' Falls, the work to be done to the satisfaction of the City Commissioner, in strict accordance with the plans and specifications on file in his office, and to be completed by the first day of July following.

In March of the same year, the appellee contracted in writing with the appellants to do a *certain portion* of the work for five thousand dollars, the whole work to be done in accordance with the plans and specifications adopted by the authorities of Baltimore City, and to the satisfaction of the City Commissioner. It was further agreed between the parties, that the City Commissioner should make monthly estimates during the progress of the work; and upon the estimates thus made, the appellants were to pay Vogler *eighty per cent.*, the remaining twenty per cent. to be paid on the completion of the whole work.

Under this contract Vogler began the work, and prosecuted it from time to time until the 30th of June, when he notified the appellants in writing, that unless payment was made by the 2nd of July for the work already done, he would abandon the work. No monthly estimates were made by the City Commissioner, during the progress of the work, because in his judgment, the work had not been performed in accordance with the plans and specifications, and the appellants therefore refused to make any payments. Thereupon the appellee, Vogler, removed the machinery used by him in prosecuting the work, and sought employment with other persons. Afterwards, namely on the 9th of July, the appellants made a contract with *Flaherty & Welsh* for the completion of the work thus begun by the appellee; and upon being notified of this contract, the latter offered to resume the work, but this offer was refused by the appellants.

The evidence further shows that the appellants during the progress of the work, urged the appellee from time to time to put it in such a shape as would justify the City Commissioner in making the monthly estimates, according to the terms of the contract, but this he failed to do.

The appellee now seeks to recover under a *quantum meruit* for the work done by him.

Whatever difficulty there may be in reconciling the many decisions in regard to the right of action by one under a special contract, part of which remains unperformed, they all agree in holding, that where there is an executory contract, and the plaintiff has performed part of it, and then wilfully and without legal excuse refuses to perform the rest of it, he cannot recover either in *general* or *special assumpsit. Denmead vs. Coburn,* 15 *Md.,* 44; *Faxon vs. Mansfield & Holbrook,* 2 *Mass.,* 147; *Stark vs. Parker,* 2 *Pickering,* 267. See also cases cited in 2 *Smith's Leading Cases,* in notes to *Cutter vs. Powell.*

Here then is an executory contract for the performance of certain work, in consideration of which the appellants were to pay five thousand dollars; and the question resolves itself into this, has the appellee after part-performance of the contract, wilfully and without just excuse refused to perform the rest of it? And to this there can be but one answer.

Under the contract the work was to be done in accordance with certain plans and specifications, and to the satisfaction of the City Commissioner; and during the progress of the work the appellants were to pay to the appellee eighty per cent. upon *monthly estimates to be made by the City Commissioner.* These monthly estimates were by the very terms of the contract, a condition precedent to the right of, the appellee to demand payment during the progress of the work. It is not pretended that the Commissioner acted in bad faith in refusing to make the estimates, or that there was any collusion between him

and the appellants. The appellee had no right then to demand payment of the eighty per cent. nor any right to refuse to perform the contract, because the appellants refused to accede to this demand. Here then is a case in which the appellee voluntarily and without any excuse abandoned the work, and it is clear according to all the authorities he cannot recover under a *quantum meruit* for the work done by him in part-performance of the contract. By their contract with the City authorities the appellants were obliged to complete the entire work by a given time; and when the appellee voluntarily abandoned his contract, they had a perfect right to employ others to finish the work begun by him. If the appellee is to be permitted to maintain an action under the circumstances of this case, then contracts would be without force or meaning between parties. *Denmead vs. Coburn,* 15 *Md.,* 44; *Rodemer vs. Hazlehurst & Co.,* 9 *Gill,* 294.

It follows from what we have said, that the several instructions granted by the Court were erroneous, and being of opinion that the plaintiff was not entitled to recover under the evidence, we shall reverse the judgment without remanding the case for a new trial.

*Judgment reversed,*
*without remanding*
*the case for a new trial.*

(Decided 18th December, 1879.)