Presbyterian Church, &c. *vs.* Hoopes Artificial Stone Co.

assets. She was not, and is not a partner with them, nor has she had any dealings with them which would preclude her from obtaining an account of the partnership from them. In short, we find no such special circumstances as would, under the authorities, either English or American, be sufficient to sustain this bill. The decree dismissing it must therefore be affirmed.

*Decree affirmed.*

(Decided 15th March, 1878.)

THE PRESBYTERIAN CHURCH OF HAGERSTOWN *vs.* THE HOOPES ARTIFICIAL STONE, CEMENT AND PAINT COMPANY.

*Contract—Obligation to Comply with Terms of Contract— Work Imperfectly done—Right to reject Work not done According to Contract.*

Where a contract is made to do certain work, and the same is completed according to the terms of the contract, the contractor is entitled to recover the contract price; but if the work be done imperfectly, or in any manner variant from the stipulations of the contract, and is accepted by the party for whom it was done, the contractor is entitled to recover what it was reasonably worth.

The party for whom the work is contracted to be done, is under no obligation to accept any thing else in place of that contracted for; and if he does not waive his right, the other party to the contract cannot recover against him without performing all the stipulations on his part.

APPEAL from the Circuit Court for Carroll County.

This suit was instituted in the Circuit Court for Washington County, and upon the suggestion of the plaintiff

it was removed to Carroll County, where it was tried. The case is stated in the opinion of this Court. The following is the letter marked "Exhibit No. 1," and referred to in the second prayer of the defendant:

OFFICE OF HOOPES STONE, CEMENT AND PAINT CO.,
Hollins and Payson Streets,
Baltimore, Md.

BALTIMORE, June 15th, 1882.

Mr. C. F. Manning,

Dr. Sir:—Yours of the 13th to hand, with enclosed sketch. We will cover the walls with Hoopes Artificial Stone, at twelve cents per square foot, and allow the openings. Our usual price is twelve cents without deducting the openings. We will warrant it to stand the weather and fire better than all natural sand stones. If you should build with the intention of coating with our stone, you must allow $\frac{3}{4}$ inch for our material—that is, if you want the sills to project one inch from the face of the wall, you must put them out $1\frac{3}{4}$ inches from bricks.

We would prefer the walls made as rough as possible. The rougher the brick and no pointing up on the outside, suits our work, as we take the mortar out from the face of wall if we can.

By using cheap hard bricks for face, you would save considerable. I enclose you full size drawing of sectional view of door frame, if there is any alterations you wish to make, mark them and return it, if not, keep it, as we have duplicate. Would be pleased to have your further orders.

Respt.,
GEO. PAIST, Secy.

*Exception.*—The plaintiff offered six prayers, the first of which is as follows:

1. If the jury believe that the defendant employed the plaintiff to cover the walls of its parsonage with its artificial stone, and if they find that the work was done as agreed, then the plaintiff is entitled to recover in this case such sum of money as the jury shall find from the evidence the defendant was benefited, if any, by such work, with interest on such sum as they shall find, if any, at their discretion.

The defendant offered the following prayers:

1. That under the pleadings and all the evidence in the cause, the plaintiff is not entitled to recover, and the verdict of the jury must be for the defendant.

2. That if the jury shall find from the evidence that the plaintiff, by its officers, caused to be written the letter dated the 15th of June, 1882, marked "Exhibit No. 1," offered in evidence in this cause, and sent the same to C. F. Manning, the agent of the defendant, if the jury so find, and that the defendant, through its said agent, received said letter and accepted the terms contained therein; and shall further find that the work mentioned in said letter and in the testimony in this cause has not been performed in accordance with the terms of the contract between the plaintiff and defendant for the doing of said work, *then the plaintiff is not entitled to recover in this cause,* and the verdict of the jury must be for the defendant.

3. That if the jury find from the evidence that the plaintiff and defendant, on or about the fifteenth day of June, 1882, agreed that the plaintiff should cover the walls of the parsonage, to be built at Hagerstown by the defendant, with a gray stone veneering, at the rate of twelve cents per square foot, and that all the openings in the walls of said parsonage should be deducted; and shall further find that the plaintiff so performed said work of putting on said veneering; that after the same was placed upon said parsonage building the defendant's officers re-

fused to accept the same; and shall further find that the plaintiff did not put said veneering on said building as it had contracted to do the same; *and shall further find that the secretary of the plaintiff stated to the officers of the defendant that the work had not been performed in compliance with the contract for the same, and that the said secretary did not consider the plaintiff was entitled to be paid for the same,* that then the verdict for the jury must be for the defendant.

4. That if the jury find from the evidence that the plaintiff contracted with the defendant to cover the parsonage to be built at Hagerstown by defendant with a gray stone veneering; and shall further find that plaintiff furnished defendant with a sample stone of the color which said veneering would be when put upon said parsonage building to be erected; and shall further find that said sample stone has been shown in evidence to the jury; and shall further find that said veneering, when placed upon said parsonage building, was not of the color of said sample stone, and was streaked and spotted, if they so find; and shall further find that the defendant has not accepted, but has refused to pay for the same, that then the verdict of the jury must be for the defendant.

The Court (SMITH, J.) rejected the plaintiff's second, third, fourth, fifth and sixth prayers, and granted its first prayer as modified, and rejected the defendant's first and fourth prayers, and granted its second and third prayers as modified.

The modification of the defendant's second prayer consisted in substituting for the words therein in italics the following: and that said contract has not been executed and completed by the plaintiff, that under the pleadings in this cause, the plaintiff is not entitled to recover.

The defendant's third prayer was modified by striking out the words therein in italics, and substituting therefor

the following: "and that the defendant received no benefit from said work."

The defendant excepted to the rejection of its first and fourth prayers, and to the modification of its second and third prayers, and to the granting of the plaintiff's first prayer as modified. The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and BRYAN, J.

*William L. Seabrook,* and *Charles B. Roberts, Attorney-General,* for the appellant.

*James A. C. Bond,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

The Hoopes Artificial Stone, Cement and Paint Company made a contract with the Presbyterian Church of Hagerstown, by which it agreed to cover the walls of its parsonage with artificial stone. The evidence tended to show that some of the terms of the contract were verbal, and that others were contained in written correspondence between the parties. This suit was brought by the Hoopes Company to recover an amount alleged to be due for the work done on the parsonage. There was evidence that it was agreed that the walls were to be covered with artificial stone of a gray color, which was warranted to endure exposure to the weather and not to peel off; and also that the work was imperfectly done, and not in the manner required by the contract; and especially that the stone covering was streaked, speckled, spotted, and of a variegated and unsightly appearance. It was the function of the jury to pass on the weight and value of this testimony; and it is our duty to state the propositions of law applicable to it.

If the plaintiff completed the work according to the terms of the agreement, it was entitled to recover the contract price. If, however, it was done imperfectly, or in any manner variant from the stipulations of the contract, and was accepted by the defendant, the plaintiff was entitled to recover what it was reasonably worth. There can be no question on this point since the decision of this Court in *Watchman and Bratt vs. Crook*, 5 *G. & J.*, 239. We take the principle to be, that a person entering into a contract, has a right to insist on the performance of it in all particulars, according to its meaning and spirit; but that if he chooses to waive any of the terms introduced for his own benefit, he has the power to do so. If he contracts for an article of a particular quality or style of workmanship, and he elects to accept in lieu of it one of another kind, he discharges the other party from the obligation of furnishing an article which complies with the specifications of the contract, and he becomes bound by a new implied contract to pay for the article, which he has accepted, what it is reasonably worth. And so where there is a contract for work of a particular description, and he accept work of another kind. But he is not obliged to accept anything else in place of that which he has contracted for; and if he does not waive his right, the other party to the contract cannot recover against him without performing all the stipulations on his part. The question then in the present case, supposing that the work has not been done according to the contract, is whether the defendant has accepted it. The law on the subject of accepting work done on the land or property of another, has sometimes been declared with great severity against parties doing such work in a manner not conformable to the contracts which they have made. But these harsh judgments go beyond the requirements of justice, and are much modified by the benign and equitable construction of contracts which prevails in this State.

It is true, when work is done on a man's house, it is in a measure fastened upon him, and he cannot very conveniently relieve himself from it, even if it is not such as he has contracted for, and as he desires to have. If it is covered with a roof for instance, it may be different in its style and workmanship and materials from that which his contract required, and he may have a right to reject it, and demand its removal. But if he permits it to remain, and enjoys the benefit of it, such as it is, he is certainly appropriating the labor and property of another man, and of right ought to make compensation. There is, however, a peculiar feature in this case; the evidence shows that the contract required the artificial stone covering to be of a gray color; it being the object to have the defendant's parsonage and the church of the same color and appearance. Now, if the color of the coating is of the unsightly character described in the evidence, the purpose of the defendant in contracting for it is entirely defeated, and it cannot be considered as appropriating the labor and materials of the other party; because something has been placed on its building, which it does not wish to have there, and which in no respect whatever fulfils any of its purposes, or bestows any comfort or gratification on it. On the supposition which we have made no acceptance of the work could be implied in law; and all the evidence goes to show that acceptance was refused in point of fact.

It will be seen that we think that on the facts stated in the plaintiff's first prayer, it was entitled to recover the contract price, and that the defendant's fourth prayer ought to have been granted. The defendant's first prayer was properly rejected. It was objectionable on account of its generality; but apart from this objection, it was erroneous. An action could be maintained on the common counts by the plaintiff, if it had entirely performed its part of the contract, and nothing remained to be done to entitle it to the payment of the contract price,

and also it might be maintained if the work, though imperfectly performed, had been accepted by the defendant. This prayer would have improperly withdrawn these questions from the jury. The defendant sustained no injury by the modification of its second and third prayers by the Court. They ought not to have been granted in the form in which they were presented. The second prayer makes no reference to the question of acceptance of the work by the defendant, which we have seen would have made it liable to a recovery, even although the work had been done in a manner variant from the contract. The third prayer does not mention in terms the alleged failure to conform to the contract color of the stone covering, which is the vital fact in repelling the inference of acceptance, and might probably have misled the jury. The statement attributed to the plaintiff's secretary ought not to have been inserted in the prayer. There is no evidence in the record to show that the plaintiff was bound by his opinions or judgments. Even if this statement might be regarded as surplusage, it was well calculated to mislead the jury.

For error in the rejection of the defendant's fourth prayer, the judgment must be reversed and a new trial ordered.

*Judgment reversed, and*
*new trial ordered.*

(Decided 15th March, 1887.)

Judge Stone dissented.