# *JOHN W. POPE *vs.* A. J. KING ET AL.*

*Building Contract—Action of Assumpsit on Contract Under Seal—Refusal by Architect of Certificate—Use of Building.*

A contract under seal provided that the plaintiff should make alterations in a building, according to certain specifications for a designated sum, to be paid in three instalments upon certificates from the architect. The plaintiff brought an action of *assumpsit* to recover a balance alleged to be due upon the contract. The defendant pleaded that the work was not done according to the specifications and not within the time stipulated. The architect refused to give a certificate. *Held*, that since the original contract was not abandoned or waived by the parties, and the action is on the contract and not for extra work outside of the contract, and the work done by the plaintiff was not accepted by the defendant and there is no evidence that the architect wrongfully refused to give a certificate, the plaintiff is not entitled to recover.

When a building contract provides that payment shall be made upon the certificate of the architect that the work has been done in conformity with the specifications, the fact that the party for whom the work is done makes use of the building is not in itself a waiver of this condition.

*Decided April 1st, 1908.*

Appeal from the Court of Common Pleas (HARLAN, C. J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and WORTHINGTON, JJ.

*Francis T. Homer* and *James McEvoy, Jr.*, (with whom was *Wm. C. Schmeisser* on the brief), for the appellant.

Although acceptance by the architect was necessary, still the architect was the agent of the appellee, and, consequently, an acceptance by the appellee would dispense with the necessity of any acceptance by the architect, while occupation of

---

*Appended to this case, as reprinted in 16 L. R. A. (N. S.) 489, is a note on the question as to when the use of a building will constitute an acceptance of the work done in its construction or repair, or amount to a waiver of the provisions of the contract.

the building by said appellee would show that the question asked was necessary in order to show such occupation, and along with the other evidence of waiver in the case, were facts which should have been given to the jury. *Clark* v. *Pope,* 70 Ill. 130; *Wildey* v. *School District,* 25 Mich. 419. ·

While it is admitted ·that there was a failure to produce a formal certificate from the architect, nevertheless, it is submitted that such production was not necessary after the demand had been made upon the architect for such certificate and a refusal by him when the evidence showed that the appellee by whom the architect had been employed had waived in any ·manner the necessity for the production of such certificate. *Filston Farm* v. *Henderson,* 106 Md. 335.

The evidence shows that the work mentioned in and covered by the contract and specifications had been in all respects performed, with the exception of some minor details; that two payments had been made by the appellee and neither time had the appellant received a certificate from the architect stating that such payments were due, but no question had arisen as to the appellant's right to receive payment.

It was only when demand was made for the certificate finally accepting the work that this question arose and the certificate was denied; nevertheless, the letter dated November 3rd, 1905, from the architect to the appellant clearly shows waiver and acceptance by the appellee. If there had been no proof of occupation of the building by the appellee this alone would be sufficient to clearly imply waiver of such deficiencies as are claimed under the contract.

Since the Court in the Filston Farm case decided that the facts and defects stated were sufficient to waive the production of the architect's certificate, the minor defects in the case at bar would not be grave enough to deprive the appellant of his right to recover under the contract for the work performed.

This principle has been largely commented upon in various States. In *Duell* v. *McCraw,* 86 Hun. 332, the facts are nearly identical with those under consideration. The architect refused o give a certificate because of the plastering, and said to the

plaintiffs that the defendants were satisfied with the work so far as it was completed, excepting the plastering, and if the plaintiffs would allow them to take possession of the building, the defendant would pay when they had finished the building, for the balance unpaid under the contract. The Court said that such evidence went to prove waiver and was a question for the jury to decide.

In *Oberlies* v. *Billinger*, 75 Hun. 253, the Court said: "To make the certificate of the architect that the work is completed in all respects in full compliance with the specifiçations of the contract a condition precedent to the right to receive the final payment would be to ignore the distinction which the law makes between substantial and minor defects of construction or those which work forfeiture of the contract and those for which compensation may be rendered in damages. We conclude, therefore, that neither an offer to arbitrate nor an unqualified certificate of the architect was a condition precedent to the plaintiff's right of action. Clearly the question whether the defect described in the actual certificate was of the former or latter class, could not finally be determined by the architect, but was a question upon which either party was entitled to take the judgment of the law. Both of these cases were, therefore, issues to be litigated in this case and both were questions for the jury." See also *Byrne* v. *Sisters of Elizabeth*, 54 N. J. Law, 213; *Kane* v. *Stone Co.*, 39 Ohio St. 1; *Flaherty* v. *Minor*, 123 N. Y. 382; *Woodward* v. *Fuller*, 80 N. Y. 312; *Orem* v. *Keelty*, 85 Md. 337.

*William S. Bryan, Jr.* (with whom was *Edwin Burgess* on the brief), for the appellees.

It appears from the first bill of exceptions that this suit is brought for the work required to be done *under the original contract* and specifications. "*This suit does not include the claim for extra work.* Another suit was brought to recover for extra work. The second suit has not been tried but is still pending." Therefore the only recovery which can be claimed in this *action of assumpsit* is for the work contracted

to be done by a contract *under seal* in which contract it is stipulated that the payments shall be made "*upon a certificate* from the architect." As there was not only no certificate from the architect, but on the contrary was distinct affirmative proof produced by the plaintiff himself that the architect refused to give the plaintiff such certificate because in the architect's judgment the work was not completed so as to entitle the contractor to a certificate, the counsel for the defendants conceived that the plaintiff had not shown any cause of action.

There is no shred of evidence that there was ever any attempt or intention to abandon the written contract between the parties; nor is there any evidence of any promise or agreement subsequent to the making of the written contract under seal to pay for the work done by the plaintiff. Under such circumstances the only recovery must be *in an appropriate form of action*, on the sealed instrument, where the recovery must be, if at all, in accordance with the terms of the sealed instrument. *O'Brien* v. *Fowler*, 67 Md. 561.

The sealed contract in express terms provided that the money for the work of repairing the old church was to be paid "upon a certificate from the architect. Working contracts, however frequently provide that the work shall be performed subject to the approval of *an architect*, engineer or superintendent, employed by the builder, and that the right of the contractor to recover the compensation shall be subject to such approval Such provisions are universally recognized as binding upon the parties, and the necessity for compliance with them applies equally to a proceeding in equity as to an action at law." 30 *Am. and Eng. Encyc. of Law* (2 ed.) 1237, 1238. See to same effect *Hanley* v. *Walker*, 8 L. R. A. 207; *Boettler* v. *Tendick*, 5 L. R. A. 270; *Barney* v. *Giles*, 120 Ill. 154; *Roche* v. *Baldwin*, 135 Cal. 528, 534; *New Tel. Co.* v. *Foley*, 28 Ind. App. 418, 419; *Munk* v. *Kauzler*, 26 Ind. App. 110; *Schenke* v. *Rowell*, 7 Daly (N. Y.) 286; *Wilson* v. *York & Maryland R. R.*, 11 G. & J. 58; *Baltimore Cemetery* v. *Coburn*, 7 Md. 202; *Abbott* v. *Gatch*, 13 Md. 314; *Denmead* v. *Coburn*, 15 Md. 29, 44; *Merritt* v. *Penin. Construction Co.*, 91 Md. 465, 466; *Lynn* v. *B. & O.*, 60 Md. 404.

In *Clark* v. *Watsou*, 18 C. B. N. S. 278, there was a pro-
vision in the builder's contract requiring the builder to obtain
the architect's certificate before demanding payment. Suit was
brought without obtaining such certificate, the builder alleg-
ing in his *narr.* that the architect has *wrongfully and improp-
erly neglected and refused to give the certificate.* In the judg-
ment in the case it was said: "This is, in effect, an attempt on
the part of the plaintiff to take from the defendants the protec-
tion of their surveyor and to substitute for it the opinion of a
jury. That is not the contract which the defendants have en-
tered into."

There is no proof in the case at bar that would justify a
jury in believing that Mr. Tinley so far from acting fraudu-
lently, was unreasonable, or even mistaken in his judgment,
when he refused to give a certificate to the appellant. It is
therefore submitted that the learned Judge below committed
no error when he took the case away from the jury.

Nor did the learned Judge below err when he refused to
permit the appellant to enquire of the witness, Zalegiris,
whether the Keistutis Society *made use* of the building which
plaintiff had contracted to repair for it.

Using the building which he had failed to repair according
to his contract was no evidence of any intention to accept his
imperfect and unfinished work. What could the Keistutis So-
ciety do? The building was theirs, and they could not afford
to let it lay idle; and they were under no legal obligation to
do so futile and useless a thing. Two of the things which
were not properly completed were the painting and plastering.
Using a building which is improperly painted or improperly
plastered can surely not be tortured into an acceptance of the
work of painting it or plastering it, which, if done improperly,
was worse than useless. *Presbyterian Church* v. *Hoopes Co.,*
66 Md. 604.

That *using* a building under circumstances which negative
the *intention* of the owner to accept the work of a builder who
is under contract to do the work on the building in a partic-
ular method does not constitute an acceptance of the work is

shown by the precedents. *Haynes* v. *Second Baptist Chnrch*, 88 Mo. 265; *Hanely v. Walker*, 79 Mich. 607; *Same Case*, 8 R. A. 207, 210; *Gillis* v. *Cobe*, 177 Mass. 584.

BRISCOE, J., delivered the opinion of the Court.

This is a suit, brought by the appellant against the appellees, in the Court of Common Pleas of Baltimore City in an action of *assumpsit* to recover the contract price alleged to be due on a contract under seal, dated the 11th day of July, 1905, between the plaintiff, as contractor, and the defendants as a committee representing the Keistutis Beneficial Association of Baltimore City, a corporation duly incorporated under the laws of this State, for repairs and alterations to church property 506–510 W. Barre street, as per plans and specifications prepared by Henry J. Tinley, architect. The cause of action is an account stated between the parties, showing the contract price for the repairs and alterations to be $2,611, with a credit for cash paid on account of $1,790.90, leaving an alleged balance due by the defendants to the plaintiff, of $810.10.

The appellees pleaded the general issue pleas in *assumpsit* and an additioual plea for defense on equitable grounds. The substance of the equitable plea is that an agreement under seal was made by and between the plaintiff and the defendants, as a committee of the Beneficial Association, for the alterations and repairs of the church building according to a copy of the agreement and specifications filed as a part of the plea. The contract price being $2,611, to be paid in three equal parts as the work progressed and upon a certificate of the architect. The plea averred that the plaintiff entered on said work and performed a part thereof. "And the work done by the plaintiff under the contract was done so improperly and imperfectly and unfaithfully, and was done with such delay that The Keistutis Beneficial Association of Baltimore City was and is entitled to recoup and deduct from the contract price for doing the work required by such contract more than the value of the extra work claimed to have been done on the building by the plain-

tiff herein and for which this suit is brought. And the plaintiff has received more compensation than he is entitled to receive for the work called for by the contract, and for the extra work for which this suit is brought, when the proper deductions are made for the delay, and for the unskillfull, unfaithful, improper and imperfect manner in which the work called for by the above referred to contract was done; and these defendants and the above referred to, The Keistutis Beneficial Association of Baltimore City, are willing that the claim for the above deductions may be set off against the plaintiff's claim for compensation for the extra work."

And for a further plea the defendants pleaded the insolvency of the plaintiff and their inability to enforce a judgment, if recovered against him.

In answer to these pleas, the plaintiff denied he was insolvent; that the work performed under the contract was not done improperly or unfaithfully, neither was there any delay in its performance. That the defendants are not entitled to recoup and deduct from the contract price for any work, or for any delay in the work, under the contract and that he has not received more compensation than he is entitled for the work called for by the contract.

The contract, which is the basis of the controversy, is dated 11th day of June, 1905, and is as follows:

This agreement, made this eleventh day of June, nineteen hundred and five, between John W. Pope, of the first part, and A. J. King, George Kimkewicz, John Chester and Vincent Zirleiziris, committee of the second part.

Whereas the said John W. Pope, of the first part, agrees to make such alterations to property 506–510 W. Barre street, as per plans and specifications prepared by Henry J. Tinley, architect (with the exception of side gallerys and their supports) for the sum of two thousand, six hundred and eleven dollars ($2,611.00), said money to be paid in three equal parts as the work progresses and upon a certificate from the architect.

The said J. W. Pope also agrees to give bond to the amount of one thousand, five hundred dollars ($1,500.00) for the completion of the work, and to secure the owners against

loss of any kind.  The work to be completed in sixty days from time of contract being signed.

Whereas the said A. J. King, Geo. Kimkewicz, John Chester and Vincent Zirleiziris, committee of the second part, agree to pay to the said J. W. Pope, of the first part, the said sum of two thousand, six hundred and eleven dollars ($2,611.00) for such alterations to property as specified, payments to be made in three equal parts as the work progresses and on a certificate from the architect.

|                     |        |
|---------------------|--------|
| Jno. W. Pope,       | (Seal) |
| A. J. King,         | (Seal) |
| George Kimkewicz,   | (Seal) |
| John Chester,       | (Seal) |
| W. Zirleiziris.     | (Seal) |

Witness:
   Henry J. Tinley.

The case upon trial resulted in a verdict and judgment for the defendant, upon an instruction by the Court, at the close of the plaintiff's case, to the effect, there being no legally sufficient evidence that the plaintiff had obtained the approval of the architect, the verdict under the pleadings must be for the defendant.

The questions in the case are brought here for review upon an exception by the plaintiff to the rulings of the Court in granting the defendants' prayer, and in the refusal of the Court to permit certain questions to be asked the witness Zalegiris, as set out in the first and second bills of exceptions.

It is obvious, we think, under the facts and pleadings of this case that as the suit is for work required to be done under the original contract under seal, to wit, the alterations and repairs of the church property, as per plans and specifications by the architect, the recovery would have to be, if at all, in a form of action, on the sealed instrument and in accordance with the terms and stipulations of the contract.  In the case at bar, the sealed contract provides in express terms that the payments for the repairs are to be made in three equal parts as the work progresses and *on a certificate from the architect.*  The suit here is brought to recover for the work done under the original contract and specifications and not for extra work done subse-

quent to the contract.  In *O'Brien* v. *Fowler*, 67 Md. 565, it is said, to entitle the plaintiff to claim under the contract, he must claim in conformity to the terms thereof and not otherwise. The very object of the stipulation in the contracts was to exclude such claim for extra work except upon the condition prescribed. This case is entirely unlike those, where a party sues upon a sealed contract, which has been abandoned or the contract has been waived or rescinded, by mutual consent, and the plaintiff seeks to recover in an action of *assumpit* for the value of the work done.   While in such cases he could not recover on the original contract under seal, he would not be without remedy, in *assumpsit* on a *quantum meruit.*    *Franklin Fire Ins. Co.* v. *Hnmill,* 5 Md. 170; *Bratt* v. *Crook,* 5 G. & J. 239; *Herzog* v. *Sawyer,* 61 Md. 345.

In this case, however, there is no evidence to support the theory of the plaintiff.'s case.   On the contrary, there was not only no certificate given by the architect but the evidence on the part of the plaintiff shows that the architect declined to give the certificate because in his judgment the work was not done, according to the terms of the contract.

All the cases bearing on working contracts, where it is provided that the work shall be performed subject to the approval of an architect employed by the builder, hold that the right of the contractor to recover the compensation shall be subject to such approval.

In *Lynn* v. *B. & O. R. R. Co.*, 60 Md. 415, JUDGE MILLER, in delivering the opinion of the Court, said: "By this contract, which is perfectly lawful, the parties expressly agreed to submit the question whether the ice to be supplied was 'good, clear and solid' to the judgment of this third party and his judgment, no matter how erroneous or mistaken it may be or how unreasonable it may appear to others is conclusive between the parties unless it be tainted with fraud or bad faith. To substitute for it the opinions and judgments of other persons whether judge, jury or witnesses, would be to annul the contract and make another in its place."   *Abbott* v. *Gatch,* 13 Md. 315; *Wilson* v. *York & Md. R. R.,* 11 G. & J. 39; *Merritt*

v. *Pen. Construction Co.*, 91 Md. 453; *Clarke* v. *Watson*, 18 C. B. N. S. 278.

In *Denmead* v. *Coburn*, 15 Md. 29, it is distinctly held, where there is a special contract the plaintiff cannot recover in an action of *indebitatus assumpsit* for work and labor, unless the work under the contract was fully performed and accepted by the defendant, or the contract was abandoned by mutual consent, or the fulfillment of it prevented by some act of the defendant. *Ellicott* v. *Peterson*, 4 Md. 496; *Gill* v. *Vogeler*, 52 Md. 667.

Like the case of *Denmead* v. *Coburn*, *supra*, there is no special count in the declaration on the contract in this case, and if any recovery be had it must be because the work under the contract was fully performed and accepted by the parties for whom it was done, or that the contract was abandoned by the consent of the parties to it, or that by some act of the party sought to be charged, the fulfillment of the contract was prevented. There is no evidence in the record to establish either of these theories, and under all the authorities there could be no recovery in this form of action under the facts of the case. The Court therefore committed no error in granting the appellees' prayer, that the verdict under the pleadings must be for the defendants, because there was no legally sufficient evidence that the plaintiff had obtained the approval of the architect.

There was no error in the rulings of the Court in refusing to permit the witness Zalegiris to answer the questions propounded and set out in the first and second exceptions. These are the questions. Q. Is the society making use of that building now? Q. Mr. Zalegiris, do you remember what was the first time the society made use of the building on Barre street after Mr. Pope was employed to make the repairs?

It is settled that the use of a building under circumstances which negative the intention of the owner to accept the work, under a contract, does not constitute an acceptance of the work.

In *Gillis* v. *Cobe*, 177 Mass. 584, it is held, that one who

uses a building constructed on his land by a contractor who has failed to obtain an architect's certificate of approval required by his contract does not thereby accept the work or relieve the contractor from his obligation to furnish such certificate.

In *Presbyterian Church* v. *Hoopes, &c.*, 66 Md. 598, it is said, the party for whom the work is contracted to be done, is under no obligation to accept anything else in place of that contracted for and if he does not waive his right the other party to the contract cannot recover against him without performing all the stipulations on his part. *Hanely* v. *Walker*, 79 Mich. 607; *Haynes* v. *Second Baptist Church*, 88 Mo. 285.

In the recent case of *Filston Farm Co.* v. *Henderson*, 106 Md. 335, JUDGE PEARCE carefully reviews the cases in this Court, in the Supreme Court and the English Courts, bearing upon contracts like the one here under review, and says: "But this contract provides, as we have seen, that payments are to be made only upon certificates of the architect and that all payments shall be due only when certificates for the same are issued, and the Maryland cases are uniform in holding that such a provision makes the production of the certificate a condition precedent to the liability of the owner to pay for material and labor unless its refusal is due to fraud or bad faith."

In this case there is no allegation in the *nar* that the architect wrongfully, fraudulently or improperly neglected or refused to give the certificate as required by the contract. Nor is there a scintilla of proof tending to show that his action in withholding the certificate, was "tainted with fraud or bad faith."

Upon a consideration of the whole evidence we are of the opinion that there was no intentional waiver of the production of the architect's certificate, the condition precedent to the liability of the owner in this case, and that the doctrine of substantial performance relied upon by the appellant has no application.

In this view of the case, and for the reasons stated herein,

we are of the opinion that the Court below acted without error, in its rulings both npon the prayer, and the admissibility of the evidence, and its judgment will be affirmed.

                    Judgment affirmed, with costs.