# THE J. L. ROBINSON CONSTRUCTION COMPANY

*vs.*

# J. EDWIN BARRY, Trading as P. T. Barry Company.

*Contract for Work and Labor—Effect of Deviation—Implied
Acceptance—Recovery of Reasonable Value—
Instruction as to Damages.*

In an action to recover a balance due under written contract
for the installation of plumbing and heating apparatus in de-
fendant's apartment house, error in allowing a witness to state
that certain valves, claimed by defendant to be required by the
rules of the Health Department, were not included in the con-
tract, *held* not reversible error, since such rules were in evidence,
and the jury could determine for itself whether the contract
required the valves to be installed, and the witness testified with-
out objection that the plumbing was done in accordance with
the rules of the Health Department, and stated on cross-exami-
nation that the valves were not installed, which was the same,
in effect, as the statement erroneously allowed.          p. 277

Where plaintiff has in good faith performed, but not in the
manner prescribed by the contract, there may be a recovery under
a count for work done and material furnished, for the reasonable
value of the work so done and accepted, the defendant being, in
such case, entitled to recoup for the damages he may have sus-
tained by the plaintiff's deviation from the contract not induced
by himself.          p. 278

When the contractor is in default, so that he cannot sue upon
his contract, but the other party has stood by and seen him prose-
cute the work without objection, and been benefited by his labor
and materials, there is an implied acceptance, and the contractor
is entitled to compensation to the extent of such benefit, the law
in such case implying a promise to pay what the labor is reason-
ably worth, of which the special contract furnishes evidence.
          p. 279

Where there was a substantial performance of his contract by plaintiff and acceptance by defendant, the contract price is the standard for the measure of plaintiff's damages, due allowance being made for defects and deviations.                p. 279

Although there was not a substantial performance by plaintiff, if the deviations from the contract were made in good faith and the work was accepted by defendant and used by him, plaintiff is entitled to recover the reasonable value of the work, not exceeding the contract price.                p. 279

Where the contract itself was the only evidence in the case as to the value of the work done by plaintiff, an instruction that the measure of damages was the contract price, subject to deductions for deviations, was not erroneous as ignoring the possibility of recovery on the theory that there was not a substantial performance, since the measure of damages stated was applicable to either theory, that of substantial performance or lack of substantial performance.                p. 279·

*Decided December 9th, 1919.*

Appeal from the Superior Court of Baltimore City (STUMP, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS,. URNER, STOCKBRIDGE and ADKINS, JJ.

*Clifton S. Brown,* for the appellant.

*Harry O. Levin,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

On December 1st, 1916, the appellee contracted in writing with the appellant to install in the apartment house of the appellant at 1130 West Lafayette avenue certain plumbing and heating apparatus included in which was 1,700 feet of radiation. It was provided in the contract that all the plumbing material should be "installed complete with necessary

waste and supply pipes and to agree to the rules and regulations of the Health Department." Defendant claims that these regulations require certain valves and stop cocks omitted by plaintiff. The default complained of by the defendant is the omission of these cut-off valves or stop cocks and of from 76 to 154 feet of radiation.

Suit was brought by appellee against appellant on June 1st, 1918, on the common counts in assumpsit, in which appellee claimed the balance of price agreed upon in the written contract, less credit for shortage in radiation and certain other allowances, and an additional amount for extras, the account showing a balance of $477.13. General issue pleas were filed by defendant. The jury gave a verdict in favor of appellee for $414.91 on which judgment was entered.

The two exceptions relied on by appellant are the rulings of the lower Court:

1. Permitting the appellee to testify that certain cut-off valves which appellant claimed were required to be installed under the Rules of the Health Department were not included in the contract.

2. In granting appellee's prayer and refusing appellant's first prayer.

The ground of the first exception is that whether or not these cut-off valves were included in the contract was not a question which could properly be answered by the witness, as there was a written contract which should have been permitted to speak for itself. We think the objection to this question should have been sustained, but we do not regard the failure to sustain it a reversible error in as much as the Health Laws referred to in the contract were in evidence and the jury had the opportunity to determine for itself whether the contract and the Health Laws required the installation of such valves. Besides the witness testified without objection that the plumbing was done in accordance with the rules and regulations of the Health Department, and stated on cross-examination that he did not install the valves

referred to, which was the same in effect as the answer he gave to the question objected to.

Appellant's first prayer was as follows: "The defendant prays the Court to instruct the jury that there is no evidence legally sufficient from which they can find that the plaintiff has performed his contract, and therefore their verdict must be for the defendant."

It was sought by this prayer to withdraw the case from the jury on the ground that, there being a special contract, appellee could not recover on the common counts, having failed to complete the work in accordance with the contract, and there being no evidence that performance of the contract by the appellee was prevented or waived by the appellant, or that appellant accepted the work as done.

Appellee's prayer was as follows: "The jury are instructed that if they find for the plaintiff, he is entitled to recover the balance which they may find to be unpaid on the contract price, and the amount of the extra work installed by him, if any they find, less a reasonable deduction for such part of the work as they find was not installed by him, according to contract, and for which credit has not been allowed, with interest in their discretion, on the total sum found by them to be due, from May 31st, 1917, to date."

We find no error in the rulings of the lower Court on the prayers.

The vice of defendant's first prayer is that it is based on the assumption that there is no evidence of acceptance by the defendant of the work done by the plaintiff.

Where the plaintiff has in good faith performed, but not in the manner prescribed by the contract, and the defendant has sanctioned or accepted the work, recovery may be had under the count for work and labor done and material furnished for the reasonable value of the work so done and accepted; the defendant, in this case, being entitled to recoup for the damages he may have sustained by the plaintiff's deviation from the contract not induced by himself. See

*Poe's Pleading and Practice* (4th Ed.), Vol. 1, Sec. 101, and cases there cited, including a number of Maryland cases.

In this case there is not only evidence tending to show acceptance, but the evidence on that point is practically conclusive. Mr. Robinson, the president of the defendant company, was present practically every day while the work was going on. He knew that the number of feet of radiation called for by the contract was not being installed, for Mr. Barry, the president of the plaintiff company, discussed this with him, told him that in Barry's judgment the amount mentioned in the contract was more than was necessary, and they talked about what would be a proper allowance for the omitted part. As to the valves or stop cocks omitted from the plumbing, of which defendant complained, Robinson admits there was no reason why he could not have discovered this omission while the work was progressing and there is nothing in the evidence to raise a doubt of the good faith of the plaintiff, although he may have been mistaken in his judgment both as to the requirements under the Regulations of the Health Department and as to the amount of radiation necessary. Nor does it appear that any complaints were made until after the work had been accepted and was being used. When the contractor is in default, so that he cannot sue upon his contract, but the other party has stood by and seen him prosecute the work without objection, and been benefited by his labor and materials, there has been an implied acceptance, and the contractor is entitled to compensation to the extent of such benefit.

The law in such case implies a promise to pay what the labor was reasonably worth, of which the special contract will furnish evidence. *Sedgewick on Damages*, Sec. 655. Defendant's first prayer was therefore properly refused.

It will be observed that plaintiff's prayer goes only to the measure of damages in the event of recovery, and lays down no rule to guide the jury in deciding as to the right of recovery *vel non.*

The jury might have found for the plaintiff on either of two theories:

1. That of substantial performance by the plaintiff and acceptance by the defendant, due allowance being made for defects and deviations. On this theory, as set out in the Court's first instruction in the case of *McEvoy* v. *Harn,* 129 Md. 93, the contract price would be the standard for the measure of damages.

2. That there was not a substantial performance by the plaintiff, but the deviations from the contract were made in good faith, and the work was accepted by the defendant and used by him.

On this theory the measure of damages would be the reasonable value of the work not exceeding the contract price, as stated by Mr. Poe in the section above referred to and in the cases cited by him.

If there were any evidence of the value of the work other than, and different from, that set out in the contract, plaintiff's prayer would be defective, because it provides only one measure of damages; whereas recovery might be had on another theory to which the measure of damages given would not be applicable. But the contract itself is the only evidence in the case of the value of the work. Consequently the measure of damages given in the prayer is applicable to either theory and is therefore correct under the evidence in this case.

The prayer was therefore properly granted.

*Judgment affirmed, with costs to appellee.*