## JOHN P. HELMER v. JOHN H. GEIS.

*Partial Performance of Contract—No Right of Recovery—Acceptance of Performance—Prayer—Assumption of Fact.*

One who, after performing part of a special executory contract, without legal excuse refuses to perform the balance, cannot recover either in a suit on the contract or on a *quantum meruit.*
p. 89

On an issue as to the indebtedness of the garnishee to defendant, who had contracted to build two houses for the garnishee, *held* that the evidence justified a finding of substantial performance by defendant and acceptance thereof by the garnishee, or that completion was prevented by the improper interference of the garnishee.        · pp. 89, 90

On an issue as to the indebtedness of the garnishee to defendant, on account of the erection by the latter of houses for the former, a prayer of the garnishee *held* properly refused, as assuming an abandonment of the work by defendant, and as disregarding testimony as to the substantial performance of the work and its acceptance by the garnishee.        p. 90

The objection that a question is leading must be made at the time the question is asked, for the purpose of review on appeal.        p. 90

*Decided November 5th, 1925.*

Appeal from the Baltimore City Court (DUFFY, J.).

Attachment by John H. Geis, trading as John H. Geis & Company, against Ira A. Doughty, laid in the hands of John P. Helmer, as garnishee. From a judgment in favor of plaintiff, the garnishee appeals. Affirmed.

Plaintiff's third prayer was as follows:

The plaintiff prays the court to instruct the jury that if they find the garnishee, John P. Helmer, was on March 14th, 1924, the date on which the attachment in this case was laid in his hands, or is now indebted to the said Ira A. Doughty, then the plaintiff is entitled to a verdict against the garnishee, John P. Helmer, for the amount of the judgment of the plaintiff against said Doughty, namely, $2,215.59, provided this amount does not exceed such sum as the jury shall have found to be due and owing by the garnishee, John P. Helmer, to the said Ira A. Doughty, but should they find the garnishee to be indebted to said Doughty in an amount less than the judgment of the plaintiff against said Doughty, then the plaintiff is entitled to a verdict against said garnishee for the amount so found to be due by said Helmer to said Doughty.

The garnishee's prayers were as follows:

*First.*—The garnishee prays the court to instruct the jury, that under the pleadings in this case there is no evidence legally sufficient to entitle the plaintiff to recover and therefore their verdict must be for the garnishee.

*Second.*—The garnishee prays the court to instruct the jury, that under the pleadings and evidence in this case, there is no evidence legally sufficient to entitle the plaintiff to recover, and therefore their verdict must be for the garnishee.

*Third.*—The garnishee prays the court to instruct the jury, that if they find from the evidence that Ira A. Doughty, debtor, mentioned in these proceedings, entered into a contract with the garnishee, John P. Helmer, to build for him, the said garnishee, two houses; and if they shall further

find that said Doughty failed to complete said contract and that at the time said Doughty discontinued work on said contract, all payments then due and owing to him the said Doughty under said contract had been paid to him by the said garnishee, John P. Helmer, if the jury shall so find and if they shall further find that the discontinuance, aforesaid, was not occasioned through any fault of the said garnishee, John P. Helmer, then their verdict must be for him the said garnishee. .

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and WALSH, JJ.

*Thomas E. Mason,* with whom was *J. Abner Sayler* on the brief, for the appellant.

*Thomas Burling Hull,* with whom was *Oscar C. Martinet, Jr.,* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

John H. Geis & Company, appellee, sued out an attachment against Ira A. Doughty as an absconding debtor, and the attachment was laid in the hands of John P. Helmer as garnishee. After the docketing of the suit Doughty confessed judgment in favor of appellee in the short note case for $2,215.59. This was on an account for materials furnished Doughty by appellee, most or all of which were for two houses which Doughty contracted to erect for appellant. It is conceded that the attaching creditor's rights against the garnishee are in no respect superior to those of the original debtor, and the creditor's right to recover depends upon whether Doughty could have recovered in a suit by him against appellant.

So the question here to be decided is, was appellant indebted to Doughty at any time between the laying of the attachment and the trial of the case.

That question was fairly submitted to the jury by plaintiff's third prayer, which together with garnishee's three rejected prayers will be set out by the reporter.

The fifteenth bill of exception was to the ruling on the prayers.

The garnishee's first two prayers, while in form variance prayers, were obviously intended as demurrers to the evidence, and will be so treated.

These prayers are based on the theory that there was a special contract between Doughty and the garnishee and that the work to be done under it was abandoned by Doughty before completion without legal justification.

It is conceded that there was a special contract; and the law is well established that where such a contract is executory, and the plaintiff has performed part of it, and then without legal excuse refuses to perform the rest of it, he cannot recover either in a suit on the contract or on a *quantum meruit. Denmead v. Coburn,* 15 Md. 44; *Gill v. Vogler,* 52 Md. 663; *Pope v. King,* 108 Md. 45; *Meyer v. Frenkil,* 113 Md. 36; *Turner v. Eagan,* 116 Md. 35; *Oldewurtel v. Bevan,* 117 Md. 652.

But the evidence of plaintiffs tends to show that while Doughty left Baltimore during the progress of the work and was absent in North Carolina for about six weeks, he did not leave with the intention of abandoning the work and did not in fact abandon it; that at the time he left the houses were nearly completed, and that practically all that remained to be done was in the hands of sub-contractors; that Doughty's partner had been looking after the work, and when he died a few weeks before Doughty left, he, Doughty, put the work in charge of one of his employees; that practically all the materials had been purchased by Doughty, and the balance required was ordered from plaintiff by the man whom he left to supervise the work and charged to Doughty's account; that the work was completed by Doughty's employees and sub-contractors under contracts made with him and with materials provided by him or purchased on his account; that

while in North Carolina he was informed that the garnishee had taken charge of the work. There was also evidence that on Doughty's return the garnishee refused to permit him to resume supervision of the work but told him that when the work was completed the garnishee would deduct the cost to him from the amount he owed Doughty and would settle the difference if they could come to any agreement.

This, if the jury believed plaintiffs' testimony, was an acknowledgment of an existing indebtedness from garnishee to Doughty, if the balance remaining unpaid under the contract should exceed the amount paid by garnishee to complete the houses; and this difference was conceded to be over two thousand dollars.

There was, therefore, evidence from which the jury could have found either a substantial performance by Doughty and acceptance by garnishee, or that completion was prevented by the improper interference of the garnishee.

We find no error in the refusal of these prayers.

Garnishee's third prayer was properly refused. It assumes an abandonment of the work by Doughty. It disregards plaintiffs' testimony as to substantial performance by Doughty and acceptance by garnishee. *Presbyterian Church v. Hoopes etc. Co.,* 66 Md. 603; *Turner v. Eagan,* 116 Md. 40; *Walsh v. Jenvey,* 85 Md. 245.

The first fourteen exceptions relate to rulings on evidence. We find no prejudicial error in any of them, and none was pointed out by appellant either in his brief or oral argument. Some reference was made to leading questions, but it does not appear from the record that they were objected to on that ground. *Iron Clad Mfg. Co. v. Stansfield,* 112 Md. 386.

*Judgment affirmed, with costs to appellee.*