HIRSCH ET UX. *v.* YAKER

[No. 48, September Term, 1961.]

*Decided November 7, 1961.*

The case was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Herbert J. Hirsch* for the appellants.

*Hyman B. Rubenstein,* with whom was *Irvin Fishbein* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

This is essentially a simple case which the appellants, Mr. and Mrs. Hirsch, have endeavored to make complex to escape the liability imposed on them by the trial court for the unpaid balance of the cost of a new kitchen which they had engaged the appellee, Leonard Yaker, to construct for them.

In March 1956 the Hirsches and Yaker entered into an agreement to remodel and furnish a kitchen in the Hirsch residence, an arrangement characterized by the owners as "some type of haphazard understanding or agreement." The parties now agree only that there was an oral contract and

that the builder has been paid $2,000. The builder says the contract was for specified items of work and materials which he was to supply at cost, plus a reasonable amount for overhead and profit, and that as the work progressed extras were ordered and furnished, on substantially the same basis. He produced an expert who inspected the job and testified that the fair and reasonable value of the work done and materials installed was $4,000 (which was just $60.00 less than the bill Yaker submitted) and that improvement and correction should be made to certain of the installations of the quality of which the Hirsches had complained, which would cost $675 (Yaker says he did not make the adjustments and corrections the Hirsches wanted because they refused to pay him the balance of his bill in the early summer of 1956 when the work was finished).

The Hirsches say Yaker agreed to do all the work for $2,500 and was to waive any profit, and that there were no extras.

The trial court believed Yaker and expressly did not believe either of the Hirsches. After inspecting the work at the invitation of the parties and finding the testimony of the expert to have been fair and impressive, Judge Allen entered judgment for $1,325 on a *quantum meruit* basis.

The appellants argue that the work was never completed and was not accepted by them, and therefore the builder may not have a *quantum meruit* recovery. The rule running through the cases is that where a defendant has actually received and retained the benefit of work and labor done or materials supplied to him, which he has ordered, although not done or supplied in precise conformity with those orders, the law implies an obligation to pay for the net benefit received, and the common count for work and labor done will lie to enforce that obligation to the extent that, under the circumstances, the labor, services or materials are fairly worth. 1 *Poe, Pleading and Practice* (Tiffany ed.), Secs. 101 and 105.

There was evidence which undoubtedly permitted the finding the trial court made—that there had been substantial completion of the work in good faith and that the Hirsches had received and utilized the benefits of the labor, services and materials supplied by Yaker. This is enough to justify the

verdict rendered and to refute the appellants' contention that they should have been granted a summary judgment. *Presbyterian Church v. Hoopes Co.,* 66 Md. 598; *Walsh v. Jenvey,* 85 Md. 240; *Turner v. Eagan,* 116 Md. 35; *M. & C. C. of Baltimore v. Kinlein,* 118 Md. 336; *Robinson Con. Co. v. Berry,* 135 Md. 275, 278-9; *Lustbader v. Ulman,* 139 Md. 651; *Helmer v. Geis,* 149 Md. 86, 89; *Hammacker v. Schleigh,* 157 Md. 652, 668-9; *Evergreen Amusmt. Corp. v. Milstead,* 206 Md. 610; *Dakin v. Lee,* [1916] 1 K. B. 566.

The appellants make several subsidiary contentions. They say when their demurrer to the original declaration, as particularized, was sustained, the court, as a condition precedent to granting leave to file an amended declaration, directed Yaker to complete an item of the work and directed the Hirsches to allow him to do this. Assuming that the court did direct rather than suggest the actions now complained of, the short answers are that the record gives no indication of the occurrence and that the appellants admitted at argument that they had made no objection and had acquiesced in the suggestion, albeit, they say, of necessity. There is nothing before us on the point to review.

The same answers apply to the contention of appellants that they were denied a constitutional right to a fair and impartial trial because no final argument of counsel was made before the court reached its verdict. After the testimony was closed, Judge Allen, at the suggestion of counsel, visited the job site with the lawyers for each side. The appellee says the judge there was told, as he was about to leave, that neither side desired to argue the case. The appellants, deny this, and the record is silent as no reporter was present. It is admitted, however, that the appellants did not ask for leave to argue, either in the some two weeks between the judge's visit and the handing down of the verdict or after the verdict, although a motion for judgment *n. o. v.* was filed and then withdrawn. Clearly, the appellants acquiesced in the submission of the case without argument.

Finally, the appellants argue that the denial of further discovery was prejudicial to them. Some forty-four pleadings appear in the transcript, including three demands for particu-

lars and two sets of interrogatories by the appellants, containing a total of eighty questions, many repetitious.

The appellee, after appellants' motion for summary judgment had been denied, orally requested that pleading be terminated and the case tried. Judge Niles then ruled there would be no further discovery in the case.

The determination by a trial court as to when discovery should cease would ordinarily seem to rest in the exercise of its sound discretion. Maryland Rule 410; cf. *Hallman v. Gross,* 190 Md. 563, and *Transit Company v. Metz,* 158 Md. 424, 454. We find no abuse of discretion here. The appellants did not except nor otherwise press the point after Judge Niles' ruling and did not indicate what information, not already revealed by the particulars and answers to interrogatories, they were seeking. We are not impressed by their present claim that discovery would have alerted them to two letters produced on cross-examination which were written by Mr. Hirsch to Yaker, in one of which the contract price was said by him to be $3,200, and in the other, $3,100. It was the appellants' inability to explain these statements and reconcile them with their claims at the trial that the figure was $2,500, which led Judge Allen to find their testimony unworthy of belief.

*Judgment affirmed, with costs.*